Peter Kenneth DeMARRIAS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 71–1154.

United States Court of Appeals, Eighth Circuit.

June 16, 1971.

Dennis A. Brown, Aberdeen, S. D., filed brief for appellant.

William F. Clayton, U. S. Atty., Richard D. Hurd and David R. Gienapp, Asst. U. S. Attys., Sioux Falls, S. D., filed brief for appellee.

Before VAN OOSTERHOUT, HEANEY and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

The petitioner, Peter Kenneth DeMarrias, appeals from the denial, by the United States District Court for the District of South Dakota, of his motion for vacation of sentence pursuant to 28 U.S.C. § 2255.

His appeal raises the question of the proper procedure to be followed by a District Court in acting upon an indigent defendant's request for the appointment of counsel on a first direct appeal.

DeMarrias was indicted by a federal grand jury for manslaughter in the death of his half-brother, Jerry DeMarrias. He pleaded not guilty. The manslaughter indictment was subsequently dismissed on motion of the United States Attorney, and an indictment charging DeMarrias with second degree murder and two counts of assault with a dangerous weapon was substituted in its place. DeMarrias again pleaded not guilty. He was tried and convicted by a jury on all counts on April 17, 1968. He was sentenced to life imprisonment on the murder count, and to concurrent sentences of five years on each of the remaining counts. A timely notice of appeal was filed in this Court, but was subsequently dismissed for reasons stated hereafter. DeMarrias is presently incarcerated in the United States Penitentiary at Leavenworth, Kansas.

The petitioner filed his pro se § 2255 motion in the District Court on October 21, 1970. It was denied on January 29, 1971. DeMarrias alleged that he was denied effective assistance of counsel in that the actions of his attorney and the District Court improperly denied him his right of appeal.

DeMarrias was represented at his arraignment and trial by retained counsel. The United States Attorney, at the suggestion of the trial court, spoke with DeMarrias prior to his first arraignment to inquire if he would need appointed counsel. The content of their conversation is disputed.[1] The result of

---

1. The United States Attorney testified at the post-conviction hearing that he was instructed by either the District Judge or his law clerk to ascertain whether DeMarrias had counsel or would want counsel appointed. He therefore went into the marshal's office cell to inquire. DeMarrias told him he had some savings, approximately $500, which the

United States Attorney informed DeMarrias would probably not be available for lawyer's fees. The attorney told DeMarrias that the court would ultimately determine if he was eligible to have counsel appointed, but that if DeMarrias had money, he could hire any attorney he wished. The United States Attorney stated that he informed DeMarrias of

the conversation was that an attorney, who the court had indicated it intended to appoint for DeMarrias, came into the detention room to talk with him. The attorney subsequently agreed to represent DeMarrias for the total amount of DeMarrias's savings.

Following DeMarrias's conviction and sentencing, his attorney filed notice of appeal to this Court. The appeal was not perfected because, on February 24, 1969, DeMarrias's attorney wrote him a letter stating,

> "I have reviewed the complete file in the above-entitled matter. It is my feeling, based on my review of the records, that there is no basis for the appeal, and, therefore, either I will move to dismiss the appeal or withdraw as counsel of record."

On March 2, DeMarrias wrote to the presiding judge, asserting that he was anxious to appeal his case and requesting that another attorney be appointed to handle his appeal. He also wrote a letter to his attorney requesting aid in securing another lawyer. The District Judge wrote a letter, dated March 31, 1969, to DeMarrias stating,

> "[Your attorney] is one of the fine lawyers in the state. Each and every aspect of your case had consideration as he wrote that letter, I am sure, and I have no reason to believe that any appeal of yours would be anything

more than frivolous. Your application for that reason must be denied and it is so held."

On June 9, 1969, without notice to DeMarrias, this Court dismissed the appeal for lack of prosecution.[2] DeMarrias did nothing further until filing his § 2255 motion.[3]

We must decide whether the District Court's handling of DeMarrias's request for counsel and attempted assertion of his right to appeal satisfies constitutional requirements. In doing so, we have studied the opinions of the Supreme Court and the other federal courts and have concluded that a District Court must recognize the following rights of an indigent defendant after his conviction:

(1) An indigent defendant is entitled to an in forma pauperis appeal and to the assistance of counsel on that appeal, unless his appeal is found to be wholly frivolous. Anders v. California, 386 U. S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); Williams v. United States, 402 F.2d 548 (8th Cir. 1968); Horsley v. Simpson, 400 F.2d 708 (5th Cir. 1968); 18 U.S.C. § 3006A; 28 U.S.C. § 1915.

(2) A defendant is entitled to due process in the court's determination of

---

the court's intention to appoint one George Rice, if the court found DeMarrias to be indigent. The United States Attorney then inquired if DeMarrias wished to talk with Rice, who was outside. Upon DeMarrias's affirmative answer, the attorney related the conversation to Mr. Rice, who then came in to talk with DeMarrias.

DeMarrias's version of the conversation is that the United States Attorney told him that he could hire an attorney, but that he was limited in his choice to either Mr. Rice or another attorney also present in the courtroom. DeMarrias further testified that Mr. Rice kept coming and looking into the cell during the course of his conversation with the United States Attorney, and that he finally said he would talk with Mr. Rice.

2. Newly adopted rules of this Court require that the appellant and his counsel be informed that, upon the expiration of fifteen days from the date of notice, the appeal will be dismissed for want of prosecution, unless within that period of time the appellant remedies the defect. See, Rule 13, Rules of the United States Court of Appeals for the Eighth Circuit, effective May 1, 1971. We believe that this rule provides protection for appellants unfamiliar with the rules of the court, and helps to avoid situations such as that presented by this appeal.

3. DeMarrias, an Indian, had completed only the seventh grade when he left school at the age of 19. We find numerous indications in the record that DeMarrias lacked the understanding necessary to effectively protect his rights.

whether his appeal is wholly frivolous. Due process requires the court, with the assistance of briefs of defense counsel setting forth any grounds arguably supporting the appeal, to make a full examination of the record before determining that the appeal is wholly frivolous.[4] Anders v. California, *supra*; Horsley v. Simpson, *supra*.

(3) If the court finds that the appeal is frivolous, an indigent defendant is entitled to be informed that he may challenge the court's finding, and that he may have the assistance of counsel in doing so. Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 (1957); 18 U.S.C. § 3006A.

It is clear that the District Court, by relying solely upon the conclusion of DeMarrias's attorney in finding the appeal frivolous, violated DeMarrias's constitutional rights under *Anders*.

■ Furthermore, we think that the District Court's finding of frivolity was incorrect. Without indicating any opinion on the merits of the issues raised either by the § 2255 motion or by those issues we have discerned in the record, we are convinced that serious questions are presented by DeMarrias's conviction. Some of these issues, such as the sufficiency of the evidence to support either a second degree or manslaughter conviction, the admissibility of certain statements, and the propriety of the substitu-

tion of a second indictment following DeMarrias's not guilty plea to a lesser charge,[5] have not heretofore been raised. Indeed, many of them could be raised only on a direct appeal. The effective denial of an appeal, therefore, was clearly prejudicial to DeMarrias's rights.

The decision of the District Court is reversed. DeMarrias's original appeal to this Court is reinstated. Present appellate counsel is relieved and the Clerk of this Court is instructed to appoint new counsel for the direct appeal.

---

4. "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. * * * [I]f counsel finds [his client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court —not counsel—then proceeds, after a full examination of all the proceedings,

to decide whether the case is wholly frivolous. If it so .finds it may grant counsel's request to withdraw * * *. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, * * * afford the indigent the assistance of counsel to argue the appeal."
Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

5. The United States Attorney explained that the change of indictments resulted from the fact that the original indictment was secured by another attorney while he was out of town. Upon his return, he reviewed DeMarrias's file, decided that he had been undercharged, and secured the second indictment.