**Michael Wayne THOMPSON,
Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 74–1152.**

United States Court of Appeals,
Eighth Circuit.

Feb. 25, 1974.

Daniel C. Galvin, Sioux City, Iowa, for appellant.

Evan L. Hultman, U. S. Atty., and Robert L. Sikma, Asst. U. S. Atty., Sioux City, Iowa, for appellee.

Before GIBSON and BRIGHT, Circuit Judges.

PER CURIAM.

Petitioner Michael Wayne Thompson was convicted by a jury in

United States District Court for the Northern District of Iowa of ten counts of interstate transportation of forged securities in violation of 18 U.S.C. §§ 2 and 2314. Petitioner's court-appointed attorney filed a motion for leave to proceed on appeal in forma pauperis in the district court.[1] The district court determined that "no serious questions of law or fact exist relative to this matter," and certified petitioner's appeal as frivolous. *See* 28 U.S.C. § 1915 and Rule 24(a), F.R.A.P. Petitioner's attorney then filed a motion for leave to proceed on appeal in this court pursuant to Rule 24(a), F.R.A.P. The motion came before us as an administrative panel of this court. *See* Rule 2(c) of the Rules of this Court. We now authorize the petitioner to proceed on this appeal in forma pauperis. Because our determination of appealability reaches a result contrary to that of the district judge, we believe a statement of our reasons may provide a helpful guideline in other similar cases.

■■ An indigent defendant is entitled to an in forma pauperis appeal from his conviction and to the assistance of counsel on that appeal unless his appeal is found to be wholly frivolous. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); DeMarrias v. United States, 444 F.2d 162 (8th Cir. 1971); 28 U.S.C. § 1915. If the district court determines that the appeal is frivolous, an indigent defendant is entitled to challenge the court's finding and to have the assistance of counsel in doing so. Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 (1957); *DeMarrias, supra.*

In *DeMarrias* this court held that before a finding of frivolity could be made, "due process requires the [district] court, with the assistance of briefs of defense counsel setting forth any grounds arguably supporting the appeal, to make a full examination of the record before determining that the appeal is wholly frivolous." 444 F.2d at 165.

■ We fully recognize the power of the district court under 28 U.S.C. § 1915 to certify an appeal as frivolous. However, there is nothing in the present record to indicate that either petitioner or his counsel was permitted to set forth the grounds arguably supporting an appeal and that the district court subsequently determined from a full examination of the record that the appeal is wholly frivolous. Thus, on the state of the record before us, we conclude that we have no alternative but to grant the motion. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and DeMarrias v. United States, 444 F. 2d 162 (8th Cir. 1971).

We grant leave to proceed on appeal in forma pauperis.

---

1. It should be pointed out that an indigent who has been granted leave to proceed in forma pauperis in the district court need not make a second request from the district court for leave to proceed *on appeal* in for- ma pauperis but may proceed to the court of appeals automatically unless there is a certification of bad faith or frivolity by the district court. *See* Rule 24(a), F.R.A.P.