Paul BLUNT, Appellant,

v.

Charles L. WOLFF, Jr., Warden of
Nebraska Penal & Correctional
Complex, Appellee.

No. 74-1002.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1974.

Decided Aug. 27, 1974.

Alan E. Peterson, Lincoln, Neb., for appellant.

Betsey S. Berger, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before GIBSON, BRIGHT, and STEPHENSON, Circuit Judges.

BRIGHT, Circuit Judge.

Paul Blunt, a Nebraska state prisoner who is serving his sentence of 24½ to 35 years upon a conviction of robbery of approximately $169, seeks to annul the conviction through his petition for a writ of habeas corpus filed in the federal district court.[1] Blunt filed no post-conviction proceedings in the state court but contends he has exhausted his remedies under state law through the direct appeal. United States District Judge Albert Schatz considered the habeas petition and rejected certain allegations as to their merits. As to others, however, he found that such issues had not been

---

1. Blunt's state conviction was affirmed on appeal by the Nebraska Supreme Court. State v. Blunt, 187 Neb. 631, 193 N.W.2d 434 (1972).

raised in the state supreme court, and hence, under the exhaustion doctrine, would not be considered on their merits.[2] Blunt brought this timely appeal and we appointed counsel to assist him.[3]

According to the district court's analysis, Blunt raised ten issues in his petition and amended petition for habeas corpus relief, as follows:

1) That the evidence introduced at the trial supported at most a conviction for larceny, not robbery;

2) That petitioner was denied his sixth amendment right to counsel at trial (both through the ineffectiveness of Mr. Cullan and through the failure of Judge Krell [presiding judge at petitioner's state court criminal trial] to appoint other counsel when the ineffectiveness became apparent);

3) That the petitioner made an involuntary, unintelligent, and unknowing waiver of counsel at trial;

4) That Judge Krell failed to exercise his duty to protect the petitioner acting *pro se*;

5) That Judge Krell failed to give petitioner an opportunity to prepare his defense in five respects:

a) He failed to grant a continuance in general;

b) He failed to grant a continuance to enable petitioner to get a transcript of the preliminary hearing;

c) He failed to grant a continuance to enable the petitioner's witnesses to appear;

d) He failed to issue compulsory process for the petitioner's witnesses;

e) That the state did not give petitioner necessary information concerning its witnesses;

6) That Judge Krell failed to recall two state's witnesses;

7) That the trial court failed to provide a complete Bill of Exceptions;

8) That the petitioner was denied his sixth amendment right to counsel on appeal (both through the ineffectiveness of Mr. Hornstein and the failure of Judge Krell to appoint other counsel when that ineffectiveness became apparent);

9) That the prosecutor suborned the perjury of one of the state's witnesses;

10) That the sentence is excessive to the point of constituting cruel and unusual punishment under the eighth amendment.

The record in this case discloses that Blunt defended himself on a *pro se* basis, although a member of the staff of the Douglas County, Nebraska, Public Defender's Office served in an advisory capacity. Also, Blunt brought his appeal to the Nebraska Supreme Court on a *pro se* basis. Blunt's briefs in the Nebraska Supreme Court disclose some form of assistance since the briefs contain the legend "Inmate Legal Assistance Office."

The facts underlying the conviction are related in State v. Blunt, *supra*. Blunt entered a cleaning establishment in Omaha, Nebraska, on May 28, 1970, and caused a disturbance in the rear room. He then left the premises, but later returned and attempted to take some money out of a cash drawer. The counter clerk closed the drawer on Blunt's hand. He pushed her away with sufficient force that she fell and lacerated her knees. Blunt then jerked the cash drawer out, removed the money, and fled. He was apprehended a few minutes later about two blocks from the place of the theft.

The record discloses that Blunt was initially brought to trial on September 14, 1970. After a jury was convened and trial commenced, a mistrial was granted because counsel disclosed defendant's prior felony convictions in the

---

2. The federal district court decision is unreported. Blunt v. Wolff, Civil No. 72–L–125 (D.Neb., filed Nov. 27, 1973).

3. Blunt also had the assistance of appointed counsel in presenting his petition before the United States District Court.

*voir dire* of the jury.[4] During the next month, Blunt indicated dissatisfaction with his appointed counsel and stated to the trial court that he would obtain his own attorney.

Blunt did not obtain counsel, but on November 2, his new scheduled trial date, he appeared before the trial court and stated that he would not permit the Public Defender to represent him and that he was not prepared to go to trial by himself. The court called the case for trial that same afternoon and directed that the Public Defender's Office be in court to assist Blunt in the trial. The trial court denied all requests for a continuance and Blunt went to trial with the Public Defender acting as technical advisor. Mr. Cullan, who appeared for Blunt in the prior aborted trial of September 14, 1970, also served as technical advisor to Blunt at the November trial.

Following the trial and the conviction, the state trial court appointed Mr. Bennett Hornstein, of the Douglas County Public Defender's Office (an attorney who had not previously represented Blunt) to prepare Blunt's appeal. Subsequently, however, Mr. Hornstein moved to withdraw as counsel on the grounds that the appeal was "wholly frivolous." The trial court, citing Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), granted the motion without prejudice to Blunt's right to obtain his own counsel or conduct his appeal *pro se*. Blunt proceeded on his appeal *pro se*.

The Nebraska Supreme Court in denying Blunt relief on appeal specifically discussed Blunt's claims of insufficiency of the evidence to justify the robbery conviction and excessiveness of the sentence. Contentions made by Blunt that he was deprived of a chance to prepare his defense or to obtain a record of his preliminary hearing were rejected as

"contentions * * * not supported by the record and * * * without merit." 193 N.W.2d at 435.[5] On appeal to the state supreme court Blunt did not raise any question regarding withdrawal of appointed appellate counsel.

On the habeas petition, the United States District Court determined that the following numbered issues had actually been raised on Blunt's direct appeal:

1) That the evidence introduced at trial supported at most a conviction for larceny, not robbery;

2) That petitioner was denied his sixth amendment right to counsel at trial (both through the ineffectiveness of Mr. Cullan and through the failure of Judge Krell to appoint other counsel when the ineffectiveness became apparent);

5) That the trial judge failed to give petitioner an opportunity to prepare his defense;

7) That the trial court failed to provide a complete Bill of Exceptions;

10) That the sentence was excessive to the point of constituting cruel and unusual punishment under the eighth amendment.

The United States District Court, on the other hand, determined that the following numbered issues were not raised or adequately presented to the Nebraska Supreme Court:

3) That the petitioner made an involuntary, unintelligent, and unknowing waiver of counsel at trial;

4) That the trial judge failed to exercise his duty to protect the petitioner acting *pro se*;

6) That the trial judge failed to recall two state's witnesses;

8) That the petitioner was denied his sixth amendment right to counsel on appeal (both through the ineffec-

---

4. At this hearing, Blunt was represented by appointed counsel, Mr. Cullan of the Public Defender's Office.

5. Justice McCown dissented, stating in his opinion that the 24½ to 35 year sentence

imposed by the sentencing judge amounted to "an abuse of discretion." 193 N.W.2d at 436.

tiveness of Mr. Hornstein and the failure of Judge Krell to appoint other counsel when that ineffectiveness became apparent) ;

9) That the prosecutor suborned the perjury of one of the state's witnesses.

In resolving the appeal before us, we believe that we need only focus on issue No. 8, dealing with the withdrawal of Blunt's appellate counsel.

■ Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), established strict criteria for the withdrawal of court-appointed appellate counsel. Counsel must determine that the appeal is "wholly frivolous" and advise the appellate court of that fact and request permission to withdraw. Additionally, counsel must submit a "brief" discussing the substantive aspects of the appeal. Finally, the appellate court must examine the entire proceedings and make its own independent determination of whether or not the appeal is "wholly frivolous." If the appellate court so finds, then counsel may be allowed to withdraw. *Id.* at 744, 87 S.Ct. 1396.[6]

■■ In petitioner's case, it was the state trial court rather than the state supreme court which reviewed the record and allowed counsel to withdraw. Under these circumstances, Blunt raises a substantial question of whether he was deprived of his sixth amendment right to counsel on appeal. The doctrine of exhaustion, however, requires that this issue be presented to the Nebraska courts before being considered in the federal forum. If Blunt was deprived of his sixth amendment right to counsel by not being furnished an attorney to present his appeal, he was not afforded

an effective appeal and the decision thereon must be deemed a nullity.[7]

With respect to remedies available to Blunt under Nebraska procedures, the Attorney General of Nebraska makes the following comment:

Appellant contends that post conviction remedies were not available to him. We simply do not know that to be a fact. While there is authority, as appellant correctly demonstrates, for the proposition that issues which could have been raised on direct appeal cannot be litigated again, the court has been faced in every case with an appellant who was represented by counsel on appeal.

If Blunt demonstrates to the Nebraska Supreme Court that he has been denied his sixth amendment right to counsel on appeal, that court may very well afford him an opportunity for a new appeal with competent counsel.[8] Thus, it may be that Blunt will be able to raise before the Nebraska Supreme Court on a new direct appeal every issue presented to the federal court in his habeas petition.

■ While this court has recognized that under certain circumstances the federal courts on a habeas petition should consider those contentions which have already been exhausted in state proceedings notwithstanding the fact that some issues in the petition have not yet been considered in the state court, *see* Tyler v. Swenson, 483 F.2d 611 (8th Cir. 1973), that rule is inapplicable here. The unresolved, already exhausted issues presented to the federal district court are interrelated and intertwined with the unexhausted claim relating to the failure to furnish Blunt counsel on appeal. We think the correct procedure

---

6. *See* Approved Draft of American Bar Association Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function, pp. 295-302.

7. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). *See* Anders v. California, *supra*; Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967) ; DeMarrias v. United States, 444 F.

2d 162 (8th Cir. 1971) ; Horsley v. Simpson, 400 F.2d 708 (5th Cir. 1968). *See also* Government of Canal Zone v. Corrella, 479 F.2d 1253 (5th Cir. 1973).

8. *See* Anders v. California, *supra*; Douglas v. California, *supra*; Harris v. Estelle, 487 F.2d 56 (5th Cir. 1973) ; DeMarrias v. United States, *supra*; Horsley v. Simpson, *supra*.

for us to follow in this case is to permit the state court to have the opportunity to pass on this sixth amendment issue and if the state court finds Blunt's claim is meritorious to afford him full and effective relief unrestrained by any determination made by the federal district court on an issue that can still be presented to the state forum.

Since the federal district court considered certain claims as exhausted as though there had been a valid appeal in state court, that part of the court's decision should be set aside.

Accordingly, we remand this case with instructions to enter a dismissal of the action without prejudice because the appellant has failed to exhaust his state remedies. Blunt should not be foreclosed by the federal judgment from presenting any of his claims to the Nebraska courts.