405 F.Supp. 779 (1975)
Melvin Leroy TYLER, Petitioner,
v.
Donald WYRICK, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.
No. 75-844C(3).
United States District Court, E. D. Missouri, E. D.
December 3, 1975.
*780 Melvin Leroy Tyler, pro se.
John C. Danforth, Atty. Gen., Neil MacFarlane, Asst. Atty. Gen., Jefferson City, for respondent.

MEMORANDUM AND ORDER
WANGELIN, District Judge.
This matter is before the Court upon the motion of the petitioner for a writ of habeas corpus.
To facilitate an understanding of the Court's Memorandum, a brief history of the litigation arising from petitioner's petition is necessary. It is petitioner's contention that he is entitled to a writ of habeas corpus on the grounds that petitioner was denied effective assistance of counsel when he plead guilty to four State violations of armed robbery, and that the Missouri State Courts erred in later setting aside the wrong State Court conviction on constitutional grounds.
Petitioner's first request for habeas corpus relief was filed in this Court on October 18, 1972, styled as Tyler v. Swenson, No. 72 C 654(1). The Petitioner alleged that he had been denied effective assistance of counsel with reference to his four State guilty pleas, and that the wrong conviction had been set aside. The Honorable James H. Meredith, Chief Judge of this District, denied petitioner's request for habeas corpus relief on February 7, 1973, on the grounds that petitioner had failed to exhaust available State remedies.
In an opinion published at Tyler v. Swenson, 483 F.2d 611 (8th Cir., 1973), the United States Court of Appeals remanded petitioner's request to the District Court stating that the District Court should review petitioner's allegation that he was denied effective assistance of counsel. Upon remand, petitioner's case was transferred to this Division, and this Court determined that petitioner had not been denied effective assistance of counsel, and therefore denied petitioner's request for habeas corpus relief. That determination of this Court was affirmed without opinion in Cause No. 73-1879 on May 1, 1974, by the Eighth Circuit Court of Appeals.
Now, alleging the discovery of new evidence which reflects upon the assistance of counsel given to petitioner in his four previous convictions, the instant request for habeas corpus relief has been filed.
In order to comply with the requirement of exhaustion of available State remedies, the petitioner filed, in the Circuit Court of the City of St. Louis, a petition for a writ of error coram nobis to set aside that Court's earlier decision pursuant to Missouri Supreme Court *781 Rule 27.26. Without holding a hearing, the Honorable Michael Godfrey, of the Circuit Court of the City of St. Louis, concluded that petitioner's allegations of newly discovered evidence were "bare and brash allegation[s].", and denied petitioner's writ of error coram nobis.
From that adverse determination, petitioner filed a writ of prohibition against Judge Godfrey in the Supreme Court of Missouri, alleging as jurisdictional grounds, State, ex rel. Sisters of St. Mary v. Campbell, 511 S.W.2d 141 (Mo. Ct.App., 1974). That petition for a writ of prohibition was denied by the Missouri Supreme Court on September 8, 1975.
It is the position of the respondent that the petitioner has failed to exhaust available State remedies regarding his writ of error coram nobis since the proper method for petitioner to challenge Judge Godfrey's ruling is through the avenue of appeal. This Court is satisfied that within the meaning of 28 U.S.C. § 2254, that petitioner has exhausted his State remedies.
There is no requirement contained within 28 U.S.C. § 2254 that a federal court hear a frivolous or incredible allegation of newly discovered evidence in a habeas corpus matter. Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962). An examination of the transcript excerpts from petitioner's original post-conviction hearing, and the memorandum filed by Judge Godfrey, indicates to this Court that petitioner's allegation of newly discovered evidence regarding the assistance given to him by counsel at his prior guilty pleas is fatuous at best. All the petitioner is seeking is another rehearing on the merits of questions which have been previously determined adversely to him. Such repetitious litigation is not in keeping with commendable aim of 28 U.S.C. § 2254. Jordan v. Steiner, 184 F.Supp. 432 (D.C.Md., 1960), aff'd 283 F.2d 515 (4th Cir., 1961), cert. den. 365 U.S. 852, 81 S.Ct. 818, 5 L.Ed.2d 817 (1961); Patrick v. United States, 466 F.2d 502 (8th Cir., 1972).
The Court, after an examination of the State Court record, is of the firm opinion that no constitutional errors were committed at petitioner's State guilty pleas. Meller v. State of Missouri, 431 F.2d 120 (8th Cir., 1970), cert. den. 400 U.S. 996, 91 S.Ct. 469, 27 L.Ed.2d 445 (1971).
Accordingly, that part of petitioner's claim for a writ of habeas corpus dealing with alleged newly discovered evidence will be denied as frivolous.
It is the opinion of this Court that petitioner's additional allegation that the State Courts set aside the wrong armed robbery conviction is the same issue that was presented to this Court in Tyler v. Swenson, No. 73 C 637(3) (E.D.Mo.) which was decided adversely to petitioner and is now pending on appeal in the United States Court of Appeals For The Eighth Circuit as Cause No. 75-1085. Such duplicitous litigation is not a proper role for the provisions of 28 U.S.C. § 2254. Accordingly, that part of petitioner's petition will be dismissed. In consequence,
It is hereby ordered that for the above stated reasons petitioner's application for a writ of habeas corpus be and is dismissed.