Melvin Leroy TYLER, Petitioner,

v.

Donald WYRICK, Warden, Respondent.

No. 76–1461.

United States Court of Appeals,
Eighth Circuit.

Aug. 9, 1976.

Melvin Leroy Tyler, pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., for respondent.

Before GIBSON, Chief Judge, and BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Petitioner, Melvin Tyler, was denied a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by the District Court on December 3, 1975. Tyler thereafter filed a motion pursuant to Fed.R.Civ.P. 60(b) seeking to vacate the District Court's order denying habeas corpus relief. The District Court denied the motion. This court previously granted Tyler a certificate of probable cause for appeal, Fed.R.App.P. 22(b), and the case is presently being considered in light of Tyler's request that counsel be appointed on appeal. We conclude that Tyler is not entitled to appointment of counsel because his claims are frivolous and we dismiss the appeal pursuant to Local Rule 9(a).

In this most recent case in Tyler's long history of litigation, Tyler attacks his 1965 Missouri state convictions for robbery. Four of these convictions were utilized to enhance, pursuant to Missouri's second offender statute, Mo.Stat.Ann. § 556.280, Tyler's sentence in 1969 when he was convicted of assault with intent to kill. After Tyler received the 1969 enhanced sentence, he attacked his 1965 sentences in a state post-conviction relief proceeding and succeeded in having one of the 1965 robbery sentences set aside. The state post-conviction judge ruled, after a hearing, that Tyler had been misidentified as the perpetrator of the Klosterman Pharmacy robbery and that his conviction on that charge must be vacated. However, the other three 1965 convictions remained valid.

In his present § 2254 petition, Tyler seeks relief from his 1969 enhanced sentence by contending that the remaining 1965 convictions should be set aside. Tyler asserts two theories to support his claim: (1) he was denied effective assistance of counsel in the 1965 proceedings and (2) the state post-conviction judge erred in setting aside the Klosterman Pharmacy robbery conviction since there was insufficient evidence to support the conclusion that it was Klosterman Pharmacy which Tyler did not rob. As there were two pharmacies involved in the 1965 convictions, Tyler contends that the inability to determine which one he did not rob compels the court to set aside the convictions for both pharmacy robberies.

█ Tyler's contention that his counsel provided ineffective assistance in 1965 has been thoroughly litigated in previous post-conviction attacks in state and federal courts. This court previously affirmed a district court's denial of habeas corpus relief to Tyler on this claim. *Tyler v. Swenson,* 505 F.2d 735 (8th Cir. 1974). Tyler, however, claims that he has discovered "newly discovered evidence" on this issue that entitles him to relief. Tyler contends that his 1965 trial counsel informed William Kirby after one of Tyler's state post-conviction hearings that Tyler would have avoided conviction in 1965 had he proceeded to trial rather than pleading guilty to the robbery charges. The state judge who first reviewed this "newly discovered evidence" concluded that it was "conclusionary, self-serving and unmeritorious on [its] face." *Tyler v. State,* No. PCR 167 (St. Louis Circuit Court July 31, 1975). The federal District Court in this case similarly concluded that Tyler's allegations are "fatuous at best." *Tyler v. Wyrick,* 405 F.Supp. 779 (E.D.Mo.1975). There appears no basis to credit Tyler's newly-conceived and unsupported theory that the trial counsel admitted his ineffectiveness. Tyler is apparently attempting to reincarnate a theory which has proven consistently unavailing in the past. The District Court did not err in refusing to conduct an evidentiary hearing on the basis of Tyler's "frivolous or incredible allegation of newly discovered evidence." *Townsend v. Sain,* 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963). Upon discounting Tyler's "newly discovered evidence," his ineffectiveness of counsel claim is clearly frivolous since this court has previously ruled that Tyler's counsel did not render ineffective assistance in 1965. *Tyler v. Swenson,* 505 F.2d 735 (8th Cir. 1974).

█ Tyler's claim that the state post-conviction court set aside the wrong conviction is equally frivolous. The state judge, after a hearing, made a finding of fact that Tyler had not robbed Klosterman Pharma-

 

cy. This finding is entitled to a presumption of correctness. 28 U.S.C. § 2254(d) (1970); *see LaVallee v. Delle Rose,* 410 U.S. 690, 694–95, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973). Furthermore, the Missouri Supreme Court affirmed the state judge's disposition. *Tyler v. State,* 485 S.W.2d 102 (Mo.1972). More recently, another state trial judge made an independent review of the record and concluded that Tyler had not been involved in the Klosterman robbery. *Tyler v. State,* No. PCR 167 (St. Louis Circuit Court July 31, 1975). These findings derive adequate support from the record and provide conclusive proof that the state trial judge set aside the proper conviction and that Tyler is not entitled to have both pharmacy convictions set aside. Tyler, in seeking to support this theory, contends that this court in a previous decision characterized the state judge's setting aside of the Klosterman conviction as a "fact-finding error," citing *Tyler v. Swenson,* 483 F.2d 611, 615 (8th Cir. 1973). Tyler misapprehends what was actually articulated in that opinion. That case, which dealt with the issue of whether Tyler had exhausted his state remedies on various claims, remanded the matter to the District Court and stated that "the District Court might wish to take into account the *alleged* fact-finding error of the post-conviction court in deciding whether or not it is necessary to grant [Tyler] a hearing * * *." 483 F.2d at 615 (emphasis added). The court was merely restating one of Tyler's allegations and was not taking any position on whether the state judge's action was or was not a fact-finding error.

▆ Tyler's contention that the wrong conviction was set aside is frivolous for yet another reason. Even if we were to set aside both pharmacy convictions, Tyler is entitled to no relief from him 1969 enhanced sentence. Tyler would still have two valid 1965 convictions which would justify invocation of the Missouri second-offender statute in 1969. Since no habeas corpus relief can be forthcoming even if we accept Tyler's arguments, the case is frivolous. *Cf. Tucker v. Peyton,* 357 F.2d 115, 117 (4th Cir. 1966); *Hendrick v. Beto,* 253

F.Supp. 994 (S.D.Tex.1965), *aff'd,* 360 F.2d 618 (5th Cir. 1966).

We note that this case also presents some questions as to whether Tyler adequately exhausted his state remedies, whether he is "in custody" for § 2254 purposes and whether Tyler's claims are cognizable in a motion pursuant to Fed.R.Civ.P. 60(b). We choose to pretermit discussion of these issues because Tyler's claims are frivolous. *Cf. Russell v. Missouri,* 511 F.2d 861 (8th Cir. 1975).

Since Tyler's contentions are frivolous, we deny his request for appointment of counsel, *see Thompson v. United States,* 493 F.2d 480 (8th Cir. 1974), and we dismiss the appeal unless Tyler within fifteen days can show cause to the contrary. *See* Local Rule 9(a).