**Melvin Leroy TYLER, Petitioner-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 37321.**

Missouri Court of Appeals, St. Louis District, Division One.

Jan. 25, 1977.

---

**548**

Robert M. Kaiser, H. Carl Kuelker, Kuelker, Gates & Schaumann, St. Louis, for petitioner-appellant.

John Ashcroft, Atty. Gen., Preston Dean, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., John F. White, Asst. Circuit Atty., St. Louis, for respondent.

WEIER, Presiding Judge.

Appellant was convicted on guilty pleas to four charges of armed robbery and sentenced on each charge to eight years impris-

onment, the terms to run concurrently. He subsequently instituted post-conviction proceedings pursuant to Rule 27.26. The ruling of the reviewing court which, inter alia, set aside the judgment of conviction with respect to one of the four robbery charges, was affirmed by our Supreme Court. *Tyler v. State*, 485 S.W.2d 102 (Mo.1972).[1] Appellant later filed the petition for writ of error coram nobis which is the subject of this appeal. The petition, which was denied by the court below, is basically an attack upon the reviewing court's actions in the Rule 27.26 proceeding. Appellant is attempting to demonstrate that the reviewing court set aside the wrong robbery conviction and now asks that we explore this contention.

We conclude from the record that appellant has now served the sentences assessed for these convictions. Since appellant is not in custody under the sentences he seeks to have invalidated, coram nobis, rather than a motion under Rule 27.26, would be an appropriate remedy to attack the judgments of conviction. *Cook v. State*, 543 S.W.2d 309, 311[2] (Mo.App.1976). However, the allegation in the instant petition which is presented for our review, that the court in the Rule 27.26 proceeding had insufficient evidence before it to determine which of the robbery charges appellant may have had a defense to, is not an attack upon the judgments of conviction and cannot be considered in a coram nobis proceeding. *Laster v. State*, 461 S.W.2d 839, 840–841[5] (Mo.1971); *Howard v. State*, 493 S.W.2d 14, 19[8] (Mo.App.1973).

The judgment of the circuit court, dismissing the petition for writ of error coram nobis, is affirmed.

DOWD and CLEMENS, JJ., concur.

1. For those interested, see: *Tyler v. Swenson*, 483 F.2d 611 (8th Cir. 1973); *Tyler v. Wyrick*, 405 F.Supp. 779 (E.D.Mo.1975); *Tyler v. Wyrick*, 540 F.2d 921 (8th Cir. 1976).