Robert Allen RAY

v.

James F. HOWARD, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania,

and

The Attorney General of the State of Pennsylvania.

Civ. A. No. 79–4173.

United States District Court, E. D. Pennsylvania.

March 10, 1980.

Robert Allen Ray, pro se.

Edward G. Biester, Jr., Atty. Gen., Com. of Pennsylvania, Harrisburg, Pa., for Com. of Pennsylvania.

## OPINION AND ORDER

JOHN MORGAN DAVIS, Senior District Judge.

This pro se petition for writ of habeas corpus was filed by Robert Allen Ray and stems from his conviction on two counts of

armed robbery. Petitioner is currently incarcerated at the State Correctional Institution in Pittsburgh, Pennsylvania, where he is serving a twenty year sentence, imposed on October 6, 1964, by the Common Pleas Court of Delaware County.

## PRELIMINARY STATEMENT

Mr. Ray, through his attorney, initially filed a direct appeal of his armed robbery conviction in the Superior Court of Pennsylvania. This appeal was dismissed for "failure to proceed" on September 9, 1965.

Subsequently, Petitioner filed a petition under the Pennsylvania Post-Conviction Hearing Act, 19 P.S. § 1180–1, et seq., (hereafter "PCHA"), alleging ineffective assistance of court-appointed trial counsel and ineffective assistance of court-appointed appellate counsel in connection with his appeal. On January 23, 1973, the Common Pleas Court of Delaware County dismissed this PCHA petition and denied the requested relief.

A second PCHA petition was then filed, alleging ineffective assistance of court-appointed counsel in connection with the first PCHA petition. After granting Petitioner an evidentiary hearing, held on September 6, 1977, this second petition was also dismissed.[1] Without the assistance of counsel, Mr. Ray then filed an appeal from this dismissal, docketed on November 2, 1977.

In addition to his PCHA petitions filed in state court, Relator had concurrently filed with this Court a writ of habeas corpus, basing his claim for relief on (1) undue delay and ineffective state court process, thus a deprivation of his due process and equal protection rights, and (2) denial of effective assistance of trial counsel. After reviewing Petitioner's allegations, this Court denied on April 4, 1977, Mr. Ray's original petition for failure to exhaust state remedies, since Mr. Ray's second PCHA was still pending.

After the dismissal of this second PCHA claim by the state court, upon a motion to reinstate his original federal petition, this Court again denied relief. Petitioner had still not exhausted his state remedies since an appeal to the Superior Court was pending. In addition, this Court rejected Relator's arguments that existing circumstances warranted an exception to the exhaustion requirement. See United States ex rel. Ray v. James F. Howard, Superintendent, State Correctional Institution, No. 77–649 (E.D.Pa. January 5, 1978).

On July 9, 1979, Mr. Ray filed a third PCHA petition, alleging ineffective assistance of court-appointed counsel in connection with the second PCHA petition and his subsequent appeal from the denial of relief thereunder. This petition is still pending before the state court.

Presently before this Court for determination is Petitioner's second pro se petition for a writ of habeas corpus. Relator sets forth the following assertions as grounds for relief[2]:

(A) An absence of a state rule requiring state court action upon a PCHA petition within a reasonable time, thus resulting in an "inordinate delay" and infringing on Petitioner's constitutional rights;

(B) Improper and ineffective state court process and procedures, thus violating Petitioner's constitutional rights.

In addition to Petitioner's listing of the above two broad grounds for relief, the Court has interpreted and rephrased Mr. Ray's allegations to state the following additional claims:[3]

---

1. Judge Catania's Memorandum Opinion of October 4, 1977, held that Petitioner had waived certain issues alleged as to pretrial irregularities by failing to raise them in the first PCHA petition.

2. The allegations of the petition will be accepted as true, Miree v. DeKalb County, 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); and the petition will be construed liberally in a light most favorable to the Petitioner. See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Jennings v. Shuman, 507 F.2d 1213 (3d Cir. 1977).

3. See Petitioner's Statement of "supporting facts", paragraph 12B of Petition. The Court also took notice of Mr. Ray's original habeas corpus petition and the record thereof.

(C) Ineffective assistance of trial and appellate counsel;

(D) Ineffective assistance of counsel in all prior PCHA proceedings and appeals thereunder; and

(E) Denial of a fair trial, including the lack of a specific statement of the charges and an inability to prepare an adequate defense.

This Court, upon receipt of the instant habeas corpus petition, referred the matter to Magistrate Edwin Naythons for a preliminary review. Magistrate Naythons' Report and Recommendation determined that the petition should be denied without prejudice for failure to exhaust available state court remedies. An independent review of the entire record has convinced the Court that Magistrate Naythons' ultimate conclusion is correct. However, in order to more fully analyze the complex procedural history of this case and the legal points involved, I have chosen to set forth this opinion. The Court will, nevertheless, dismiss the petition for failure to exhaust available state remedies.

## EXHAUSTION OF STATE REMEDIES

■ The Court will not consider *any* of the issues raised in the state prisoner's petition for habeas corpus relief until the Petitioner has exhausted available state remedies for *all* of the issues. *See generally,* 28 U.S.C. § 2254(b), (c) (Supp.1977); *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ It is well established that "the purpose of the exhaustion doctrine is to permit the state courts to correct any errors which may have crept into their criminal process without interference from outside sources." *U. S. ex. rel. Laughlin v. Russell,* 282 F.Supp. 106, 110 (E.D.Pa.1968). The Supreme Court in *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), has explained the history and rationale behind this doctrine:

[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without

an opportunity to the state courts to correct a constitutional violation . . . ..

Solution was found in the doctrine of comity between courts, a doctrine which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter. *Darr v. Burford,* 339 U.S. 200, 204, [70 S.Ct. 587, 94 L.Ed. 761.] The rule of exhaustion "is not one defining power but one which relates to the appropriate exercise of power." *Bowen v. Johnston,* 306 U.S. 19, 27, [59 S.Ct. 442, 83 L.Ed. 455.] *Fay v. Noia, supra,* 372 U.S. at 419–20, 83 S.Ct. at 838–839.

Thus, a fundamental goal of the "exhaustion doctrine" is to give state courts "one full chance" to rule on *all* the claims of a petitioner. *United States ex rel. Hickey v. Jeffes,* 571 F.2d 762, 763–4 (3d Cir. 1978); *United States ex rel. Geisler v. Walters,* 510 F.2d 887, 892 (3d Cir. 1975). The state courts are to have the initial opportunity to pass upon and correct alleged violations of a state prisoner's federal rights. *Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971). In addition, the Third Circuit has emphasized the rationale adopted in *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), which "highlights the necessity for a searching scrutiny by the federal habeas court of the points that were raised in the state tribunals, in order to ensure that the state system was granted a fair opportunity to confront arguments that are propounded to the federal habeas courts." *Zicarelli v. Gray,* 543 F.2d 466, 472 (3d Cir. 1977).

■ However, the exhaustion doctrine does *not* require that the state courts have actually ruled on the merits of the claims, but merely that they have had those contentions presented to them. *U. S. ex rel. Geisler v. Walters,* 510 F.2d 887 (3d Cir. 1975). The federal court must determine whether the "same claim" or its "substantial equivalent" has been "fairly presented" to and considered by the state courts in

order to insure that *every* claim raised in the habeas petition has been exhausted. *Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

## PENDENCY OF PCHA PETITION

As previously indicated, Relator's *third* PCHA petition, filed on July 9, 1979, has not yet been acted upon by the state courts. This Court has recently held that a prisoner's *pending* PCHA petition will generally act as a bar to a finding of exhaustion of state court remedies, at least relative to those pending and unresolved issues that are identical or similar to those issues contained in the concurrent federal habeas petition. *United States ex rel. Cunningham v. Cuyler,* 479 F.Supp. 765 (E.D.Pa.1979); *see also, U. S. ex rel. Geisler v. Walters, supra; U. S. ex rel. Trantino v. Hatrack,* 563 F.2d 86 (3d Cir. 1977), *cert. denied,* 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978).

■ This case, as does *Cunningham,* demonstrates appropriate circumstances for the application of the exhaustion principles. Petitioner has asserted in his pending PCHA petition, ineffective assistance of counsel in connection with a previous PCHA petition and a subsequent appeal therefrom. Relator has also raised this identical issue in the present habeas petition. In such a factual setting, it would be inappropriate for the federal court to intervene. Proper deference to the state judicial system requires that "absent exceptional circumstances federal courts should stay their hands and permit the orderly functioning of the state appellate process." *Codispoti v. Howard,* 589 F.2d 135, 140 (3d Cir. 1978). This Court adheres to this sound principle and will therefore, refrain from considering the unexhausted issue until the state court has had an opportunity to consider this matter.

## THE REMAINING CLAIMS

This does not dispose of the case *sub judice,* however, for the Court must further ascertain whether the *remaining* claims in Relator's petition are cognizable issues for the federal court to consider at this time. Since the exhaustion provision limits the authority of the federal courts to consider specific issues raised in the habeas petition, the Court must determine whether those other claims have been exhausted. *U. S. ex rel. Hickey v. Jeffes,* 571 F.2d 762 (3d Cir. 1978).

■ After careful consideration of the record, the Court has determined that two of Petitioner's assertions have *not* been exhausted: Claim D, ineffective assistance of PCHA counsel, as previously discussed; and Claim A, inordinate delay. Addressing the inordinate delay contention, the Court is unable to conclude that the Relator has actually presented this issue or its substantial equivalent to the state court. When a federal court in a habeas corpus proceeding is unable to determine unequivocally that an issue has been considered by the state courts, comity requires that the initial determination of the issue be made by the state court. *Echevarria v. Bell,* 579 F.2d 1022, 1025 (7th Cir. 1978); *Tyler v. Swenson,* 527 F.2d 877, 880 (8th Cir.), *cert. denied,* 425 U.S. 979, 96 S.Ct. 2185, 48 L.Ed.2d 805 (1976); *see also, Picard v. Connor, supra; Zicarelli v. Gray, supra.*

Moreover, Mr. Ray has not, as of yet, been deprived of any federal right as a result of his attacking the validity of state procedures relating to dispositions under PCHA. Thus, these issues must be urged upon the state court in order to afford the state the first opportunity to consider such contentions.

■ However, for purposes of federal habeas power, Petitioner *has* effectively exhausted the assertions dealing with ineffective state court process (Claim B), ineffective assistance of trial and appellate counsel (Claim C), and the denial of a fair trial (Claim E). The state court has held, at least as to the alleged pretrial irregularities, that the issues subsumed under the claim of ineffective state court process (Claim B) had been *waived* by Petitioner. Therefore, the state remedy has effectively been exhausted.

■ In addition, it is readily apparent that Petitioner has also based his habeas petition on ineffective assistance of counsel; first as to his original trial proceeding (Claim C), and secondly, as to his prior PCHA petitions (Claim D). These claims are very much related. The Court has previously determined that Claim D has *not* been exhausted. Furthermore, the Court will now conclude that Relator's Claim C, has been technically exhausted, since this broad issue was effectively raised in his prior PCHA petitions.

Finally, it appears from the record that the substance of Petitioner's fair trial claim (Claim E) has also been "fairly presented" to the state court in previous PCHA proceedings and is therefore, an exhausted issue.

■ But note, even though Relator has failed to exhaust all of his state court remedies, he still may secure federal review of his habeas claims if "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b) (Supp.1977). Mr. Ray, in effect, is thus contending that "inordinate delay" has rendered the state court process ineffective to protect his rights, thereby invoking an adequate basis for the granting of habeas relief.

■ This argument must be rejected by the Court. Petitioner filed his third PCHA petition on July 9, 1979. The instant federal habeas petition was filed on November 16, 1979. This "delay" of merely four months does not approach the magnitude of time required by the Third Circuit in order to find an "inordinate delay". *See Codispoti v. Howard*, 589 F.2d 135, 140 (3d Cir. 1978) (twelve year delay in disposing of motion for new trial); *U. S. ex rel. Geisler v. Walters, supra* at 887 (habeas relief granted only after three year delay in dis-

posing of new trial motion); *U. S. ex rel. Senk v. Brierley*, 471 F.2d 657 (3d Cir. 1973) (three and one-half year delay in ruling on PCHA petition). Therefore, this Court holds that the asserted delay has *not* operated to deprive Petitioner of any rights or remedies to which he is entitled.

### THE PROBLEM OF THE "MIXED" PETITION

■ A review of the preceding discussion indicates that the Court is presented with a "mixed" petition. That is, one which contains claims in which state court remedies have been fully exhausted, as well as claims which are still pending in state court and claims still not fully exhausted. Confronted with this situation, the Court is of the opinion that the proper disposition of this matter is to abstain from ruling on *any* of the claims, until Petitioner has finally exhausted *all* of his present state claims. Therefore, the state court must first act on Relator's third PCHA petition and any subsequent appeals, before this Court will consider *any* of the issues raised in the present habeas corpus petition.[4] Petitioner has indicated these are not finalized.

In *U. S. ex rel. Trantino v. Hatrack*, 563 F.2d 86 (3d Cir. 1977), *cert. denied*, 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978), the Third Circuit was presented with analogous circumstances. The Circuit, although acknowledging that "instances may be found of federal courts reaching the merits of non-exhausted claims," reaffirmed the principle that "deviation from the exhaustion requirement can only be permitted 'in those rare instances where justice so requires'." *Id.* at 95. In *Trantino*, the appellate court was faced with three claims, one of which it found to be unexhausted. The Court noted that "several circuits have gone so far as to hold that federal court consideration of *any* claim in a federal habeas petition must await the exhaustion of *every* claim in that

---

4. Even assuming that it may be proper for a federal district court to entertain those issues in a petition that are exhausted, I have determined, based upon the circumstances of this case and my previous discussion, that it is more feasible and would best serve the interests of judicial economy, to withhold the exercise of habeas power until the disposition of the third PCHA proceeding in the state court.

petition. *See Galtieri v. Wainwright*, 545 F.2d 942, 943 (5th Cir. 1977) [*aff'd, regarding exhaustion en banc*, 582 F.2d 348 (5th Cir. 1978)]; *James v. Reese*, 546 F.2d 325, 327 (9th Cir. 1976)." *U. S. ex rel. Trantino v. Hatrack, supra* at 96.

Although not explicitly adopting this view in *Trantino*, the Court did add: "[This Rule] is a further indication of increasing insistence on strict compliance with the exhaustion requirement." *Id.* at 96. The Circuit, even though one claim was not exhausted, did find that each of Trantino's claims were *separate* and *distinct* and thus, not so intertwined as to preclude the Court from reaching the merits on the exhausted issues.[5]

Similarly, in *Zicarelli v. Gray*, 543 F.2d 466, 472–475 (3d Cir. 1977), three Sixth Amendment claims were before the Court. One such claim was found to be exhausted and sufficiently separate and distinct from the other issues, thus enabling the Circuit to address that claim on its merits. On the other hand, the remaining two claims were interrelated. Therefore, even assuming that one such claim was exhausted, the Court found that judicial economy and efficiency would best be served by having *both* claims *first* presented in the state court. Thus, the Circuit avoided having one related claim determined in a state court proceeding and the other similar issue determined in a federal court, by requiring exhaustion as to both issues before either would be considered.

In so holding, the Third Circuit has indicated support for the view that when a federal habeas petition contains claims, some of which have been exhausted in the state courts, while others are not exhausted but are *interrelated* or *intertwined* with the exhausted claims, then the federal court should decline to hear the entire petition until state remedies as to *all* claims have

been exhausted. *Accord*: *Zemina v. Solem*, 438 F.Supp. 455 (D.S.D.1977), *aff'd* 573 F.2d 1027 (8th Cir. 1978); *Blunt v. Wolff*, 501 F.2d 1138 (8th Cir. 1974); *U. S. ex rel. Martin v. McMann*, 348 F.2d 896 (2d Cir. 1965); *Miller v. Hall*, 536 F.2d 967 (1st Cir. 1976); *Hewett v. State of North Carolina*, 415 F.2d 1316 (4th Cir. 1969).

In other words, where the petition contains both exhausted and unexhausted claims that are interrelated, the Court may choose to dismiss as untimely the entire petition. But, when the exhausted federal claim is unrelated and/or clearly without merit or frivolous, then the federal court may choose to dispose of that claim rather than to defer action. *See U. S. ex rel. Lopinson v. Marks*, 409 F.Supp. 683 (E.D.Pa. 1976), *aff'd* 547 F.2d 1166 (3d Cir. 1977); *Zicarelli v. Gray, supra* at 472.

In the circumstances presently before the Court, Petitioner's various claims can be easily explained as being interrelated. Relator's ineffective assistance of counsel claims (Claims C and D) are necessarily interrelated, since they are linked together in a procedural chain. In addition, Mr. Ray's ineffective assistance of counsel claim in his state PCHA petition, which is currently pending in state court, includes the issues and events relative to his prior state proceedings. Likewise, these claims are intertwined with the other issues present, since their underlying contentions are based in part, on counsels' failure in regard to these other federal claims. One such example being the claim of counsels' failure to raise issues concerning the alleged lack of a fair trial. Therefore, the Court holds that these "intertwined" claims should be left for potential state court determination. *See Zemina v. Solem*, 438 F.Supp. 455 (D.S. D.1977), *aff'd* 573 F.2d 1027 (8th Cir. 1974) (where exhausted issues closely related to

---

5. It is one thing for the Circuit to choose to rule on an exhausted claim when a district court, for some reason, has already reached the merits of that claim in a "mixed" petition, where the claims were separate and distinct. It is quite another situation for a district court in the first instance, to take it upon itself to consider an exhausted issue, when unexhausted issues, which are interrelated to those claims previously exhausted, can still be brought in state court. Different policy considerations are invoked in each instance. *See Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978).

unexhausted issues were not considered); *Blunt v. Wolff*, 501 F.2d 1138 (8th Cir. 1974) (when exhausted claims are closely intertwined with unexhausted claims, all may be returned to the state court).

From the record before us, it is entirely possible that the state court will consider some of the issues raised in Mr. Ray's habeas petition upon the court's determination of the pending PCHA petition. Relator may, in addition, assert new theories or allegations with regard to his pending PCHA petition that will, in effect, *require* the state court to deal with the exact claims raised in the present habeas petition. Hence, the Court finds the claims stated in Petitioner's habeas corpus petition to be interrelated, and to some extent, dependent upon one another.

Therefore, in the interest of comity and the prevention of federal judicial interference with state court proceedings, the Court will refuse to hear the present habeas corpus petition.[6] The undesirability of letting a federal court pass upon claims that are so related to issues that a state court will later review (exhaustion of state remedies) is a factor influencing our decision today. *See Gonzales v. Stone*, 546 F.2d 807 (9th Cir. 1976); *U. S. ex rel. Martin v. McMann*, 348 F.2d 896 (2d Cir. 1965) (where issues involved were so closely related, they seemed certain to figure in a state hearing to some degree). Furthermore, the Third Circuit's emphasis on the necessity for strict adherence to the exhaustion requirement, *see Zicarelli v. Gray, supra*; and the desirability of judicial efficiency and the avoidance of "piecemeal litigation", *see Galtieri v. Wainwright, supra*; support the use of the Court's "restraining hand" today. There are occasions where, giving effect to the rationale of the exhaustion doctrine requires sending a Petitioner back to the state court system again. The Court believes that this is just such an occasion.

Accordingly, the petition for a writ of habeas corpus is DENIED without prejudice for failure to exhaust state remedies.

---

6. "This Court has long recognized that in some circumstances, considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forego exercise of its habeas corpus power. *See Fay v. Noia*, 372 U.S. 391, 425–426, [83 S.Ct. 822, 9 L.Ed.2d 837.]" *Francis v. Henderson*, 425 U.S. 536, 537, 96 S.Ct. 1708, 1710, 48 L.Ed.2d 149 (1976).