William Grady LITTLE

v.

S. Lamont SMITH, Warden Georgia
State Prison.

Civ. A. No. 15245.

United States District Court,
N. D. Georgia,
Atlanta Division.

Aug. 23, 1971.
Opinion on Motion for Reconsideration
Nov. 4, 1971.

428

---

William Grady Little, pro se.

SIDNEY O. SMITH, Jr., Chief Judge.

Petitioner, a state prisoner, seeks habeas corpus relief. He contends that his convictions on charges of burglary and possession of burglary tools (for which he received concurrent sentences of twenty and ten years, respectively) are constitutionally infirm, because (1) he was tried by the court alone, without his having personally waived trial by jury and (2) the court, following the trial, imposed the maximum sentence on each charge, after having promised a sentence of only five years if petitioner would plead guilty.

In regard to the lack of a jury, petitioner concedes that his lawyer agreed to a trial by the court, but contends that he, the defendant in the case, never waived his right to a jury trial. Although a jury trial may constitutionally be waived, the defendant must personally and intelligently participate in the waiver. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930). However, defendant's consent need not be in a particular, ritualistic form. For example, the absence of a written assent signed by the defendant and of a categorical oral assent by him will not invalidate a waiver of a jury trial. See Horne v. United States, 264 F. 2d 40 (5th Cir. 1959), cert. denied 360 U.S. 934, 79 S.Ct. 1460, 3 L.Ed.2d 1549 (1959). Since form is unimportant, the only real issue is whether petitioner intelligently agreed to a trial without jury in this case. This Court believes that he did, although he did not do so in writing or by categorical oral response, but by failure to object to his lawyer's trying the case without a jury.

A defendant's background is relevant to whether his failure to protest amounts to an intelligent waiver of the right to trial by jury. Prior to his present convictions, petitioner had been tried four or five times and had been tried by a jury in at least two of those trials. Thus, petitioner was not an inexperienced defendant and, therefore, is more readily responsible for his failure to object than would be a younger, less expert defendant. At the state habeas hearing, petitioner admitted he knew at the time of his trial he had a right to a jury if he wanted one. Nevertheless, he sat through his entire trial without once protesting to the court about the lack of a jury. Furthermore, petitioner was not shy about speaking up in the trial court when he thought the occasion demanded it. For example, petitioner did not hesitate to speak to the Judge to explain about his refusal to plead guilty. At that time, petitioner spoke freely and it appears that the trial judge was courteously receptive to petitioner's statements.

Where a defendant's consent to a waiver of jury trial rests on his failure to object to his attorney's actions, it is also proper to consider their attorney-client relationship generally and the expertise of the attorney. Petitioner's trial counsel was selected by petitioner himself and had represented petitioner in various criminal matters for twenty years. Petitioner, at the state habeas hearing, conceded that his trial counsel was highly competent and that he had

confidence in that counsel. At the same hearing, petitioner's trial attorney stated that he had told petitioner there would be no jury at this trial, that he did not recall petitioner protesting the tactical decision to be tried by the judge, and that if petitioner had made an objection to him, he, the lawyer, would have requested a jury.

Accordingly, if petitioner's claim for habeas corpus relief relied only on the contention that he had not personally waived his right to jury trial, he would be denied relief.

██ Petitioner's second contention is that he was promised by the trial court that he would be sentenced to five years in prison if he would plead guilty, but after he elected to plead not guilty and stand trial, he was sentenced to the maximum sentence of twenty years. Because this contention was not presented to the State Supreme Court after the state habeas court ruled on it adversely to petitioner, there is a possibility of deliberate by-pass of state remedies.[1] See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). While the ultimate burden of proving deliberate by-passing or inexcusable neglect may be on the government, the petitioner has the initial burden of coming forward with some averment sufficient to permit a finding that state appellate remedies were not deliberately by-passed. *Cf.* Nash v. United States, 342 F.2d 366 (5th Cir. 1965) ; Mirra v. United States, 255 F.Supp. 570 (S.D.N.Y.1966). In the present case, petitioner, who has always been represented by counsel, attempts to justify his failure to appeal on the ground that he did not have a transcript of his trial, because the court reporter had moved to Florida. This ground is legally insufficient. There has been no showing that a transcript of the original trial was necessary for an appeal from

the habeas court findings or that a transcript could not be obtained if one had really been wanted. Importantly, there is no allegation that petitioner's attorney decided not to appeal this point without consulting with petitioner. See Fay v. Noia, supra, 372 U.S. at 439, 83 S.Ct. 822. Petitioner has not met his burden of showing the failure to appeal was not a deliberate by-pass of state remedies. Although the result of this finding is to vest this Court with discretion to deny habeas corpus relief without reaching the merits of petitioner's claim this Court will proceed to rule on the merits.

Petitioner's plea bargaining argument is insufficient to justify habeas corpus relief. He does not contend that the sentence imposed on him exceeds the statutory limits. Furthermore, if his argument is that there was an unconstitutional effort to persuade him to plead guilty and avoid trial, it seems to make little difference since petitioner resisted the persuasion and plead not guilty. See McGary v. Wainwright, 375 F.2d 118 (5th Cir. 1967).

Accordingly, the petition is denied.

It is so ordered.

## ON MOTION FOR RECONSIDERATION

Petitioner, a state prisoner, asks this Court to reconsider its previous order denying him habeas corpus relief. See Little v. Smith, Civil Action No. 15245 (N.D.Ga. 20 August 1971). Since he has cited some additional authorities to support his previously rejected arguments, the Court will reconsider petitioner's case.

In its earlier order, this Court set out the facts which support its finding that petitioner clearly did intelligently consent to trial without a jury. Other than

---

1. Since the time for appeal from the state habeas court's ruling has expired, there seems to be no issue of failure to exhaust presently available state remedies. Whether the apparent failure to include

either of the two contentions raised in this petition in petitioner's direct appeal from his conviction is a deliberate by-pass is not decided.

emphasizing that petitioner admits that he knew at the time of his trial that he had a right to a jury if he wanted one and that although petitioner was not reluctant to address the trial judge about other matters, he never objected to the judge about the lack of a jury, those facts will not be restated.

Petitioner contends that cases subsequent to those relied on by the Court require it to reach a different conclusion. Among others he cites Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969), and Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1965). Both of those cases are important to criminal procedure, but neither requires a different result in this case.

In *Boykin*, the court reversed a state conviction because the record was inadequate to show that the petitioner had intelligently and knowingly pleaded guilty. Justice Harlan read the court's opinion as one making Rule 11 of the Federal Rules of Criminal Procedure a constitutional requirement applicable to the states. Petitioner argues that the decision also made Rule 23 of the Federal Rules a constitutional requirement applicable to the states and that since he did not waive a jury in writing, he must be set free. This Court cannot agree with such a broad reading. In *Boykin*, while stating its opinion about guilty pleas, the Court mentioned several rights, including the right to a jury trial, but the question of what formalities must accompany a waiver of a jury trial alone was not before the court and, therefore, was properly not decided. Thus, *Boykin* does not require this Court to set petitioner's state convictions aside.

In *Brookhart*, the court held that counsel has no power to enter a plea which is inconsistent with his client's *expressed* desire and thereby waive his clients constitutional right to plead not guilty and have a trial in which he can confront and cross-examine the witnesses against him. Other than the fact that *Brookhart* was not a case in which the waiver of a jury was disputed, the case differs significantly from the one at hand. In *Brookhart*, the defendant's attorney entered a plea which was the practical equivalent of a guilty plea, then the defendant in open court strongly protested that he was in no way pleading guilty, the attorney then repeated the original plea which was accepted by the court even though the defendant had expressed a contrary desire. In the present case, petitioner concedes he never indicated to the trial court that he did not concur with his lawyer's request for trial without jury. Therefore, *Brookhart* is too different from this case to compel this Court to alter its original conclusion.

Having reconsidered its decision in respect to petitioner's waiver of jury trial, this Court reaches the same conclusion: petitioner intelligently concurred in his lawyer's decision to try petitioner's case before a judge alone.

To hold that he consented to a nonjury trial does not resolve all the issues presented by petitioner, because in the second part of his petition he attacks the constitutionality of plea bargaining.[1] Specifically, he argues that where a trial judge has indicated his intention to follow a prosecutor's recommendation for a five year sentence if the defendant pleads guilty, the judge may not constitutionally impose a more severe sentence after a trial without expressly explaining the reasons for the increase. To allow a judge to act otherwise, contends petitioner, is to permit defendants to be punished for exercising their right to plead not guilty and stand trial. For support, he cites cases such as North Carolina v. Pearce, 395 U.S. 711, 89 S.

---

1. Because petitioner has not met his burden of showing that his by-pass of state remedies on this point was not deliberate, the Court could deny him relief without reaching the merits. *See* Nash v. United States, 342 F.2d 366 (5th Cir. 1965).

Ct. 2072, 23 L.Ed.2d 656 (1969) (where a conviction has been set aside, a more severe sentence may not be imposed at a new trial unless reasons for the increased sentence appear on the record). The argument is an interesting one, but it must be rejected.

■ Plea bargaining is a major element in the American system of criminal justice, and only the most compelling of reasons would justify its abolition or limitation. Inherent in the plea bargaining process is the concept that a guilty plea likely or certainly will result in a lesser penalty than would result from a conviction after trial. In Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1969), the Court held that a plea of guilty is not an invalid coerced plea merely because entered to avoid the possibility of a death sentence. In so holding, the Court made it clear that it was not unconstitutional to vary punishment according to whether one pleaded guilty or was convicted after choosing to stand trial:

> [W]e cannot hold that it is unconstitutional for the State to extend a benefit to a defendant who in turn extends a substantial benefit to the State [conservation of scarce judicial and prosecutorial resources] and who demonstrates by his plea that he is ready and willing to admit his crime and enter the correctional system in a frame of mind that affords hope for success in rehabilitation over a shorter period of time than might otherwise be necessary. 397 U.S. at 753, 90 S.Ct. at 1471.

■ It follows that there is no need for a trial judge to explain longer sentences after trial, because the fact of the trial itself is evidence that the defendant lacks those qualities on which the court would have relied in giving a lighter sentence in conjunction with a guilty plea.

For the reasons stated, the petition for habeas corpus is denied.

It is so ordered.