**Leahmon TRIPLETT, Appellant,**

v.

**Donald WYRICK, Appellee.**

**No. 76–1512.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 4, 1977.

Decided Feb. 4, 1977.

---

Jonathan Ries, St. Louis, Mo., for appellant.

John C. Danforth (former Atty. Gen.), John D. Ashcroft (current Atty. Gen.), and Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Leahmon Triplett appeals from the district court order dismissing without prejudice his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm in part and reverse in part with instructions.

Petitioner was charged in Missouri state court with assault with intent to kill with malice aforethought in violation of Mo.Rev. Stat. § 559.180. After petitioner's first trial ended with a hung jury, he entered a plea of guilty and was sentenced to 12 years imprisonment by Judge McMillian. Thereafter petitioner successfully challenged his guilty plea. Petitioner was then retried and found guilty by a jury. He was sentenced under the Missouri Second Offender Act, Mo.Rev.Stat. § 556.280, to 35 years imprisonment. His conviction was affirmed by the Missouri Court of Appeals for the District of St. Louis. *State v. Triplett*, 520 S.W.2d 166 (Mo.App.1975). His request, pursuant to Mo.Sup.Ct.R. 83.02, that the court of appeals transfer the case to the Missouri Supreme Court was denied. Petitioner then failed to apply to the Missouri Supreme Court for a transfer under Mo. Sup.Ct.R. 83.03.

On February 24, 1975, petitioner filed a petition for a writ of habeas corpus, alleging nine grounds for relief.[1] Since the petitioner had not filed a motion for postconviction relief pursuant to Mo.Sup.Ct.R. 27.26, the district court dismissed the petition for failure to exhaust state remedies. *Triplett v. Wyrick*, No. 75–163C(3) (E.D.Mo., filed February 26, 1975). On appeal, this court vacated the judgment and remanded to the district court with directions to allow petitioner to apply for transfer to the Missouri Supreme Court under Rule 83.03. If the motion for transfer was denied, this court ordered the district court to hear petitioner's claims on the merits. *Triplett v. Wyrick*, No. 75–1181 (8th Cir., filed October 22, 1975).

After the Missouri Supreme Court denied petitioner's motion, the district court referred the matter to the United States Magistrate for a report and recommendation. The magistrate's report only discussed petitioner's claim that he was denied due process because of the imposition of a

---

1. In light of *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), petitioner has abandoned his claim in regard to the allegedly illegal search and seizure.

more severe sentence on reconviction, *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and concluded that petitioner had failed to exhaust state remedies on that claim. The district court dismissed the petition without prejudice and, in response to a motion to clarify, stated that none of petitioner's other claims had been considered on the merits.

On appeal, petitioner alleges that the district court erred in holding that he had not exhausted his state remedies on his due process claim and that, in any event, the district court should have addressed the merits of the issues which petitioner had exhausted.

The state concedes that petitioner has exhausted his state remedies in regard to all of his claims that were decided by the Missouri Court of Appeals.[2] *See Edwards v. Swenson,* 429 F.2d 1291, 1292 (8th Cir. 1970). Only two of petitioner's nine claims were not decided by the Missouri Court of Appeals. The first is his claim under *North Carolina v. Pearce, supra,* that the imposition of a more severe sentence on reconviction violates due process and the second is an attack upon the constitutionality of Mo. Rev.Stat. § 559.180.

■ We find that the district court correctly dismissed petitioner's claim under *North Carolina v. Pearce,* because of failure to seek post-conviction relief pursuant to Rule 27.26. *See Eaton v. Wyrick,* 528 F.2d 477, 481–82 (8th Cir. 1975). Petitioner also has failed to present to any state court his constitutional challenge to § 559.180, but petitioner claims that requiring him to exhaust his state remedies on this claim would be futile since the issue was adversely decided in *Turnbough v. State,* 533 S.W.2d 609, 613 (Mo.App.1975). However, the *Turnbough* decision did not discuss the constitutional issues raised by petitioner and, therefore, we hold that he has not exhausted his available state remedies on this issue.

■ Having found that petitioner raised both exhausted and unexhausted claims in his habeas petition, we turn to the question whether the district court should have decided petitioner's exhausted claims on the merits. The rule in this circuit is that when a petition contains both unexhausted claims and unrelated, exhausted claims, the district court should determine those issues which have been exhausted. *Tyler v. Swenson,* 483 F.2d 611, 614 (8th Cir. 1973). The state now urges us to overrule *Tyler v. Swenson* for three reasons.

First, the state correctly points out that the circuits are in disagreement on the issue. In *Tyler v. Swenson* we recognized the conflict and made a considered choice between the alternative positions. Subsequent to our decision we have found no changes in the circuits which would indicate that *Tyler v. Swenson* should be re-examined.[3]

Second, the state alleges that subsequent cases in this circuit retreated from *Tyler v. Swenson,* citing *Johnson v. District Court,* 519 F.2d 738, 740 (8th Cir. 1975); *Blunt v. Wolff,* 501 F.2d 1138, 1141–42 (8th Cir. 1974); and *Miller v. Missouri,* 394 F.Supp. 94, 100–03 (W.D.Mo.1975). Each of those cases, however, involved exhausted claims that were closely intertwined with unexhausted claims, which is an exception to the general rule of *Tyler v. Swenson.*

2. The state alleges, however, that we should hold that these claims are either frivolous or not cognizable in a 28 U.S.C. § 2254 proceeding. Although we have reservations about the merits and the cognizability of several of petitioner's claims, the record presently before us is inadequate to make a fully informed judgment on these matters. They should be determined initially in the district court.

3. The rule enunciated in *Tyler v. Swenson,* 483 F.2d 611 (8th Cir. 1973), has the support of most circuits which have considered the question. *See Miller v. Hall,* 536 F.2d 967, 969 (1st Cir. 1976); *Hewett v. North Carolina,* 415 F.2d 1316, 1320 (4th Cir. 1969); *United States ex rel. Levy v. McMann,* 394 F.2d 402, 404 (2d Cir. 1968); *United States ex rel. Boyance v. Myers,* 372 F.2d 111, 112 (3d Cir. 1967). The Fifth Circuit, which had followed a contrary rule in *Johnson v. Wainwright,* 453 F.2d 385, 386 (5th Cir. 1971), appears to have adopted a more flexible approach. *See Singleton v. Estelle,* 492 F.2d 671, 676–77 (5th Cir. 1974).

Finally, the state alleges that the Supreme Court decision in *Pitchess v. Davis*, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975) (*per curiam*), has undermined *Tyler v. Swenson*. However, *Pitchess* did not address the issue of exhausted and unexhausted claims in the same petition. We find nothing in that opinion which indicates that *Tyler v. Swenson* should be reconsidered.

Judgment affirmed in part and reversed in part and remanded for reconsideration to the district court as to petitioner's exhausted claims.