**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James Edward TIPPETT,
Defendant-Appellant.**

No. 38568.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Sept. 20, 1977.

Motion for Rehearing or for Transfer
Denied Oct. 13, 1977.

Application to Transfer Denied
Nov. 14, 1977.

 

Karl F. Lang, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SIMEONE, Chief Judge.

Appellant, James Edward Tippett, was charged, tried, found guilty by a jury and sentenced under the Second Offender Act to five years for the offense of carrying a concealed weapon, §§ 564.610, 556.280, RSMo. He appeals. We affirm.

On April 1, 1976, an officer of the St. Louis Police Department received a telephone call from an informant who had given him information previously. The officer arranged to meet the informant. The informant met two officers and gave information that three men, including appellant, were enroute to a local lounge in an automobile which he described (including the last three digits of the license), that there were handguns in the car and that the men were enroute to obtain a sawed-off shotgun for the purpose of shooting someone. The informant was not identified but had given information in the past which led to several arrests and one conviction. A short time later, at about 1:05 a. m., the two officers proceeded to the lounge and soon an automobile fitting the description pulled up in front of the lounge. The officers observed appellant and another man get out of the car and walk to the window of the lounge. Appellant peered in the window and engaged the other man in brief conversation. Appellant returned to the automobile, opened the door, reached beneath the seat and handed "some type of small dark object" to the other man. Appellant then reached again beneath the seat and removed another object and placed it in his jacket pocket. The officers came up to the men and informed them that they were being investigated. One of the officers then conducted a pat down search of appellant's outer clothing. ". . . I felt an object which I believed to be a revolver in his right jacket pocket. I then entered the pocket and retrieved what was later identi-

fied as a Colt .38 revolver." Appellant was then placed under arrest and charged with carrying a concealed weapon.

Appellant filed a pre-trial motion to suppress the revolver which was overruled. The trial was held and the jury found him guilty of carrying a concealed weapon. After allocution and after overruling a motion for new trial, appellant appealed.

Appellant's only contention on appeal is that the trial court erred in overruling the motion to suppress the gun because the seizure was "unlawful" and "violated" his "constitutional rights." He argues that the information obtained from the unnamed informant, together with the observations of the officers, did not give reasonable grounds to search appellant. He reasons that before the information given by the informant "will suffice as a basis for probable cause in which an arrest can be made or a search warrant issued, it is necessary to establish the basis for the officer's belief that the informer's information is reliable" and that in this case the informant was not proven reliable because (a) the officers could not identify some person who had been convicted on the basis of previous information given by the informant and (b) there was no underlying factual basis for the reliability of the information furnished. The State argues that the court did not err because the seizure was made incident to a limited pat down search after the officers concluded that criminal activity was afoot.

We find appellant's point to be without merit. The facts and circumstances, based upon the information furnished and the officers' own observations, were sufficient to give the officers sufficient grounds to approach appellant for purposes of investigating criminal behavior and conduct a limited search to discover weapons under the prin-ciples established in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); and *State v. Sanders,* 530 S.W.2d 749 (Mo.App.1975). The circumstances here and the arguments made are closely akin to the decision in *Adams v. Williams.*[1]

The appellant contends that, before the information from the informant will suffice as a basis for probable cause in which an arrest can be made or a search warrant issued, it is necessary to establish a basis for the officer's belief that the information is reliable. There is no absolute requirement that the informant be one of previous reliability. The true inquiry is whether the informant's information is reliable and whether the information is corroborated through other sources even though hearsay. *State v. Wiley,* 522 S.W.2d 281, 288 (Mo. banc 1975). Here the informant named the suspects, described the car, reported part of the license plate, the plans, destination and contents of the car. The information was corroborated by the personal observations of the officers which gave rise to a reasonable conclusion that criminal activity was afoot. That the officer did not inquire into the source of the informant's information did not make reliance on it unjustifiable. The informant was known to the officers; he had previously supplied them with reliable information; the informant was reliable and the information was verified. *State v. Boyd,* 492 S.W.2d 787, 789–790 (Mo.1973). The officers' failure to remember the name of the person who had been convicted on the basis of previous information given by the informant is not material.

1. The facts in *Adams v. Williams* are remarkably similar to the facts at bar. In *Adams,* the respondent was convicted of illegal possession of a handgun found during a "stop and frisk." A policeman was informed by a known informant that an individual seated in a nearby vehicle was carrying narcotics and had a gun at his waist. The policeman approached the vehicle, tapped on the window and seized a gun from defendant's waistband. Once the police-man found the gun there was cause to arrest. The court rejected defendant's argument that reasonable cause for a stop and frisk can be based only on the officer's personal observation. The information supplied by the known informant was sufficient in this instance and ". . . the subtleties of the hearsay rule should not thwart an appropriate police response." *Adams v. Williams,* 92 S.Ct. at 1924.

The appellant's reliance on *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and his argument that there was no explanation as to why the information was reliable are misplaced. *Aguilar* and *Spinelli* deal with warrants to search. They do not deal with the situations found in *Terry* and *Adams.* The requirements of "probable cause" and the standards relating thereto are not identical to the standards of a limited intrusion under the principles of *Terry v. Ohio.* In justifying the particular intrusion the officer must be able to point to "specific and articulate facts" which, taken together with rational inferences from those facts, reasonably warrant that intrusion. ". . . [A] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." *Terry v. Ohio,* 88 S.Ct. at 1880.

There were present here sufficient facts, based both on information furnished by the informant and on the officers' personal observations, to provide reasonable grounds for further investigation and grounds for a limited search of the appellant for a weapon. As in *Adams v. Williams,* the policeman found the appellant in possession of a gun in the place predicted by the informant. And, as in *Terry v. Ohio,* defendant was convicted of carrying a concealed weapon.

We have read the transcript, the briefs of the parties and the authorities relied upon therein. We find no error.

The judgment is affirmed.

NORWIN D. HOUSER and ALDEN A. STOCKARD, Special Judges, concur.