James Edward TIPPETT, Appellant,

v.

Willis ROBERTS, Warden, St. Louis City Jail, Appellee.

No. 78–1483.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 2, 1978.

Decided Nov. 8, 1978.

Rehearing and Rehearing En Banc Denied Nov. 29, 1978.

James Edward Tippett, pro se.

Joseph L. Bauer, Jr., Asst. Circuit Atty., St. Louis, Mo., for appellee.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Petitioner was tried and convicted of carrying a concealed weapon in violation of Mo.Ann.Stat. § 564.610 (Vernon), and sentenced to five years under the Missouri second offender act, Mo.Ann.Stat. § 556.280 (Vernon). His conviction was affirmed by the Missouri Court of Appeals, St. Louis District; his motion to transfer to the Missouri Supreme Court was denied, and his writ of certiorari to the United States Supreme Court was denied. *See State v. Tippett,* 558 S.W.2d 288 (Mo.App.1977), *cert. denied,* 435 U.S. 946, 98 S.Ct. 1530, 55 L.Ed.2d 544 (1978).

A post-conviction petition pursuant to Mo.Ann.Stat. Rule 27.26 (Vernon), Missouri Supreme Court Rules, was filed on February 28, 1978, and a petition for a writ of habeas corpus was filed in the United States District Court for the Eastern District of Missouri on April 10, 1978. The federal district court by memorandum of June 7, 1978, dismissed the habeas corpus action on grounds that petitioner had failed to exhaust his available state remedies, and petitioner appeals. Defendant-petitioner was granted a hearing continuance at his request on April 29, 1978, until June 9, 1978, in the Rule 27.26 proceeding. Thus that action was still pending before the St. Louis City Circuit Court when the federal district court dismissed the habeas corpus petition now before this court.

Petitioner, in his federal habeas corpus petition, asserts that the state courts erred in overruling his motion to suppress and in admitting into evidence a .38 caliber pistol which was unlawfully seized in violation of petitioner's fourth and fourteenth amendment rights. On appeal, he argues that this claim was considered and resolved against him by the Missouri appellate courts on his direct appeal,[1] and that since the same claim could not properly be raised again in a Rule 27.26 action, he has exhausted his available state remedies.

We agree that for purposes of exhaustion, petitioner need not relitigate in a state post-conviction proceeding those issues which have been decided adversely to him on direct appeal from his original conviction. "The exhaustion doctrine requires only that the state courts have one full and fair opportunity to decide a question which is properly presented to it." *Mucie v. Missouri State Dept. of Corrections,* 543 F.2d 633, 636 (8th Cir. 1976), *citing Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Furthermore, "[t]he rule in this circuit is that when a petition contains both unexhausted claims and unrelated, exhausted claims, the district court should determine those issues which have been exhausted." *Triplett v. Wyrick,* 549 F.2d 57, 59 (8th Cir. 1977).

Nevertheless, having considered the petition on its merits, we affirm the dismissal of the petition by the district court for a different reason. Federal inquiry into

---

1. "Appellant's only contention on appeal is that the trial court erred in overruling the motion to suppress the gun because the seizure was 'unlawful' and 'violated' his 'constitutional rights.' " *State v. Tippett,* 558 S.W.2d 288, 290 (Mo.App.1977), *cert. denied,* 435 U.S. 946, 98 S.Ct. 1530, 55 L.Ed.2d 544 (1978).

fourth amendment claims raised in prisoner petitions attacking state convictions is limited by *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976),[2] and the fourth amendment issue was squarely faced and fully treated in the well-reasoned opinion of Judge Simeone in *State v. Tippett,* 558 S.W.2d 288 (Mo.App.1977), *cert. denied,* 435 U.S. 946, 98 S.Ct. 1530, 55 L.Ed.2d 544 (1978).

---

2. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v.*

*Powell,* 428 U.S. 465, 482, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976).