**Joseph L. EDWARDS**

v.

**W. F. SASSER, Superintendent.**

**Civ. A. No. 77–0775–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Jan. 3, 1979.

Joseph L. Edwards, pro se.

Robert H. Herring, Jr., Asst. Atty. Gen. of Va., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Petitioner, Joseph L. Edwards, a prisoner confined in the Virginia State Correction System at the Caroline Correctional Unit # 2, Hanover, Virginia, has filed a petition for writ of habeas corpus. Jurisdiction vests in this court pursuant to 28 U.S.C. § 2254(a).

The Court has previously determined that petitioner exhausted his state remedies when the Virginia Supreme Court considered and denied his state petition for a writ of habeas corpus, involving certain of the claims here presented. Respondent, prison superintendent, filed an answer to the petition and moved for summary judgment, asserting that the facts surrounding petitioner's allegations are fully developed in the record of petitioner's trial so that no evidentiary hearing is necessary. Petitioner has responded, and the matter is now ripe for disposition. For the reasons which follow, the Court concurs in the respondent's contention that there is no need for an evidentiary hearing, and deems it appropriate to grant petitioner's prayer for a writ of habeas corpus.

After a nonjury trial on April 28, 1976, before the Circuit Court of Newport News, Virginia, petitioner Edwards was convicted of two counts of grand larceny and sentenced to five years imprisonment on each count, with the sentences to be served concurrently. Petitioner attacks the constitutionality of his convictions, alleging in his petition: (a) that he was denied the effective assistance of counsel because counsel failed to inform the trial court that petitioner sought a jury trial; (b) he was denied his right to trial by jury when the trial judge refused petitioner's personal request for a jury trial; (c) that a prosecution witness was coerced by police detectives into testifying against petitioner at trial.

Petitioner's allegations (a) and (b) are interrelated and shall be considered by the Court together as an allegation by petitioner that he was denied his right to jury trial. The Court, however, will first address petitioner's allegation that detectives coerced a prosecution witness into testifying.

At petitioner's trial, Barbara Zimmerman, a prosecution witness, testified that on the night of the larceny in question, defendant had stated that he was going to a mutual acquaintance's apartment, that defendant departed and returned with a television set, and that defendant the following day attempted to sell that same television to a friend of the witness's father.

Petitioner does not allege that Ms. Zimmerman's testimony was false. Petitioner,

rather, contends that police detectives compelled Ms. Zimmerman to testify against him by telling her that she would lose her child and be placed in jail if she didn't testify.

■ Petitioner clearly had the right to cross examine Barbara Zimmerman as to her possible bias due to the detectives' alleged offers of leniency if she testified and concomitant threats of dire consequences if she did not. *United States ex rel. Annuziato v. Manson*, 425 F.Supp. 1272, 1275 (D.Conn.1977). Any restriction by the trial judge of the petitioner's right to effectively cross examine Ms. Zimmerman as to possible bias would have been " 'constitutional error of the first magnitude' ". *Davis v. Alaska*, 415 U.S. 308, 318, 94 S.Ct. 1105, 1111, 39 L.Ed.2d 347 (1974).

In the instant case, the trial judge in no way restricted petitioner's right to cross examine the witness. All factors which petitioner chose to ask Ms. Zimmerman regarding possible bias were brought to the Court's attention on cross examination.

On cross examination, Ms. Zimmerman testified that the police told her they could put her in jail on a separate charge and thereby separate her from her child if she did not testify at petitioner's trial. She testified additionally, however, that she knew the meaning of her oath, that her testimony on direct examination incriminating petitioner was the truth, and that she would tell the truth even if she had been separated from her child.

Detective H. T. Cole, testified that he spoke with Barbara Zimmerman regarding petitioner's involvement in the crime, that the police had information linking Ms. Zimmerman to another crime but never charged her, and that no threats or promises were ever made to her to induce her to testify.

■ A witness's bias affects the credibility of his testimony. It is the function of the trier of fact to determine whether a witness is to be believed ". . . or whether he had perjured himself hoping thereby to obtain some consideration from the Government." *United States v. Gonzalez-Carta*, 419 F.2d 548, 551 (2d Cir. 1969). The credibility of Barbara Zimmerman and H. T. Cole was a matter solely within the province of the trial judge, the trier of fact, and is not susceptible to review in this habeas corpus proceeding. *Pigford v. United States*, 518 F.2d 831, 836 (4th Cir. 1975); *Robertson v. Riddle*, 404 F.Supp. 1388, 1391 (W.D.Va.1975).

Petitioner also contends that he was denied his constitutional right to trial by jury. The trial court record reveals that, prior to petitioner's trial, his counsel advised the court that petitioner waived his right to jury trial, that, on the day of trial, petitioner's counsel informed the court that petitioner sought a trial continuance so that he might be afforded a jury trial, and that petitioner told the court that he himself had never said he didn't want a jury. The trial judge stated that he assumed petitioner's attorney had spoken for petitioner when he informed the court that petitioner waived the jury. The trial judge then denied what he deemed an untimely request by petitioner to withdraw a valid jury trial waiver.

■ The Fourteenth Amendment guarantees a defendant the right to trial by jury in all state nonpetty criminal cases. *Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). This right to a jury trial attached in petitioner's case because he was charged with two counts of burglary,[1] alleged violations of Virginia Code § 18.2–91, the possible penalty for each count being twenty years confinement in the penitentiary. ". . . [N]o offense can be deemed 'petty' for purposes of the right to trial by jury where imprisonment for more than six months is authorized." *Baldwin v. New York*, 399 U.S. 66, 69, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437 (1970) (footnote omitted).

1. Petitioner was indicted on four charges, two for burglary and two for grand larceny, but was tried only on the burglary charges. The judge found the Commonwealth had not sufficiently proven all of the elements of the burglary charges, and instead found petitioner guilty of the lesser offenses of grand larceny.

Respondent contends that petitioner effectively waived his right to a jury trial because petitioner's attorney had advised the Court previous to trial that petitioner did not want a jury. Respondent also points to petitioner's attorney's statement that he and petitioner had discussed the jury question on a number of occasions, and that petitioner had indicated his preference for a trial without a jury.

■ Several principles guide this Court in determining whether there was an effective waiver by petitioner of his constitutional right to a jury trial. ". . . The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards." *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969) (citation omitted). Before there can be an effective waiver of a trial by a constitutional jury ". . . the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant . ." *Patton v. United States*, 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930).

The *Patton* decision antedated the adoption of the Federal Rules of Criminal Procedure, and was an interpretation of constitutional mandates rather than federal procedural requirements. The United States Court of Appeals for the Fourth Circuit, in cases involving the presence of an alternate juror in the jury room wherein the entire compliment of jurors was deliberating, has left no doubt that the phrase "express and intelligent consent of the defendant" used in *Patton* requires that the defendant *personally* consent to a waiver of a trial by a constitutional jury. *United States v. Virginia Erection Corp.*, 335 F.2d 868, 870 n.3 (4th Cir. 1964); *United States v. Chatman*, 584 F.2d 1358 (4th Cir. 1978); *Cf. Horne v. United States*, 264 F.2d 40 (5th Cir. 1959); *Little v. Smith*, 347 F.Supp. 427 (N.D.Ga.1971). While the *Patton* case was decided upon direct appeal from a conviction, rather than upon a collateral attack by habeas corpus, requirements for a valid jury trial waiver set down in *Patton* and interpreted in *Virginia Erection Corp.* and *Chatman*, are constitutional mandates which are controlling in the instant proceeding. *See Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

■ In the instant case, it is clear from the record that petitioner did not personally consent to a waiver of his right to a jury trial. Counsel for petitioner, as well as counsel for the Commonwealth, consented to a non-jury trial, but this, without more, was insufficient for a valid jury waiver. *See, United States v. Virginia Erection Corp., supra.*

After petitioner's counsel had moved the court for a continuance so that petitioner could be tried by a jury, the judge informed petitioner that the Court had been advised that he (petitioner) did not want a jury, and that it was too late for petitioner to withdraw his jury waiver on the day of trial. The trial record reflects that petitioner's response was "I never said I didn't want a jury", to which the trial judge replied "The attorney said so, and I assume you said so. He advised us." [2]

2. The following is the testimony in the record dealing with the purported jury trial waiver:

*Mr. Smith*: (Respondent's counsel) If Your Honor, please, for the record, Mr. Edwards has requested that I ask that these cases be continued and that he be afforded a jury trial on all these charges.
*The Court*: Well, when did he decide that?
*Mr. Smith*: He just asked me to request that when I held conference a moment ago.
*The Court*: Let me explain something, Mr. Edwards. The right of trial by jury under the Constitution of Virginia, as I view it, carries with it the corresponding duty to let us know that you want a jury in time to have a jury here for your trial.

Now, we have been advised that you did not want a jury. The witnesses are here, everybody is ready to go to trial, and it's too late for you to change your mind.
*Mr. J. L. Edwards*: I never said I didn't want a jury.
*The Court*: Well, the attorney said so and I assume you said so. He advised us.
*Mr. Smith*: Your Honor, we discussed the pros and cons of a jury and nonjuries, on numerous occasions. He made indications then that he did not want a jury.

". . . [T]rial by jury in criminal cases is fundamental to the American scheme of justice . . ." *Duncan v. Louisiana,* 391 U.S. 145, 1⁴9, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968). The duty of a trial court to insure that any waiver of this fundamental right is the intelligent act of the defendant himself ". . . is not to be discharged as a mere matter of rote." A judge may not "assume" that an attorney who waives a jury necessarily voices the wishes of his client. Such an assumption of waiver is especially invalid in a case such as the instant one wherein petitioner affirmatively advised the Court that he had never said that he didn't want a jury. ". . . [T]he right to a jury trial is a fundamental right, and a waiver should not be presumed." *United States v. Lee,* 539 F.2d 606, 609 (6th Cir. 1976).

Without the express, personal consent of petitioner himself, there was no effective waiver by petitioner of his right to a jury trial. *Patton v. United States, supra; United States v. Virginia Erection Corp., supra.* The trial of petitioner without a jury, under the facts of this case, in the Court's view, constituted constitutional error. Denial of the right to trial by jury cannot be deemed harmless error. *See United States v. Taylor,* 498 F.2d 390, 392 (6th Cir. 1974) (per curiam). Petitioner's

> *The Court*: And—yes sir. And you so advised us, and we're ready to go to trial. And we cannot go out and get a jury; no way we can do that. Now, I'll note your exception for that.
> *Mr. Smith*: Yes sir, please sir.
> *The Court*: Otherwise, if that is not the law, then these people can keep the Court on a strangling yo-yo. First this way, and the other way, and I just—I just can't do that. I have to be in control of my own court.
>
> .  .  .  .  .
>
> *The Court*: Are you ready to go to trial?
> *Mr. J. L. Edwards*: I can't get no jury, I guess I am.
> *The Court*: Well, I'm sure you appreciate the fact that there's no way I can get a jury today; no way I can do that. I've got to summons in thirty people. I can't draw a jury and get them in here today. You should have let me know before that you wanted a jury. I can't allow you a jury.

application for a writ of habeas corpus must issue.

An appropriate order will follow.

> Otherwise, are you ready to go to trial?
> *Mr. J. L. Edwards*: Yes, sir.
>
> .  .  .  .  .
>
> *The Court*: All right, sir. Mr. Commonwealth, I assume you haven't changed your mind about not wanting a jury?
> *Mr. Olson*: (Commonwealth's Attorney) No sir. We're ready to go.
> *The Court*: All right, we'll try you without a jury. Call your witnesses.
>
> .  .  .  .  .

The controlling issue in this habeas corpus proceeding is not whether a trial judge may deny a defendant's request to withdraw a valid jury waiver when granting the request would cause an unmerited continuance. *See McCranie v. United States,* 333 F.2d 307 (5th Cir. 1964) (per curiam). The question in the instant case is, rather, whether there ever had been an effective waiver by defendant of his constitutional right to a jury trial.