James Edward TIPPETT, Appellant,

v.

STATE of Missouri, Respondent.

No. 41637.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 9, 1980.

Robert C. Babione, Public Defender, Lyndia R. Glasgow, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Nancy D. Kelley, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant was convicted by a jury of the offense of carrying a concealed weapon and sentenced by the court under the Second Offender Act to serve a term of five years in the Department of Corrections. That judgment was affirmed on appeal. *State v. Tippett*, 558 S.W.2d 288 (Mo.App.1977). Subsequently, movant filed this Rule 27.26 motion which was denied after an evidentiary hearing. We affirm.

Movant's primary contention on appeal is that the trial court imposed a greater sentence after trial than would have been imposed had he entered a plea of guilty thereby punishing him for exercising his right to a jury trial.[1]

The trial court had before it the transcript of the original trial; and at the Rule 27.26 hearing, both movant and his original trial attorney testified. Before trial, it appears that there had been discussion as to a plea bargain and the state had indicated that it would recommend a sentence of three years on the charge of carrying a concealed weapon, to run concurrently with two other charges which were pending against movant. Although recommended by his defense attorney, the movant rejected the state's proposed bargain.

On the morning of trial and after overruling movant's motion to suppress evidence, the court implied through its comments that it would go along with the parties' bargain before the trial but that after the trial began, "I will not follow the recommendation of the state. I will use my own judgment as to what the punishment should be." The court further indicated to counsel that based upon what it had learned

of the case from: hearing the motion to suppress, reviewing the pleadings which indicate that movant had a record, and talking with counsel, in all likelihood movant would receive a maximum sentence of five years.

After the jury returned its verdict, the court announced to the movant that it was going to assess his punishment at five years and that it was making the announcement at that time so that movant could consider the punishment factor "in the filing of the Motion for New trial." Movant did not challenge the sentence in either his motion for new trial or on appeal.

At the 27.26 hearing, movant's trial counsel testified that he had advised movant to accept the three year recommendation. He said: "Without even the Judge telling me that I felt that most Judges in this type of case with Mr. Tippett's background and his prior conviction would very most likely give him the maximum, and I felt that he could expect the maximum for a number of reasons."

To support his convention that the trial court was punishing him for exercising his right to trial, movant relies upon a few comments by the judge in the original trial transcript. In movant's testimony at the Rule 27.26 hearing, he fails to present evidence to support the point he raises on appeal, but rather, makes reference only to facts supporting another point raised in his Rule 27.26 motion but abandoned on appeal.

Our court recently faced a similar contention to the one presented here in a direct appeal: *State v. Davis*, 582 S.W.2d 342 (Mo. App.1970). In *Davis*, the trial court indicated that if defendant entered a plea of guilty, it would sentence him in accordance with the recommendation of the state. Mr. Davis opted to go to trial. Thereafter, during trial, the trial court advised defendant if he was convicted and sentencing was up to the court that defendant would receive

---

1. Movant also contends that the trial court improperly appeared as a witness by commenting at the close of the evidence in the Rule 27.26

motion hearing. An examination of the record reveals that the court was reviewing the evidence then before it.

"a substantial amount of time ... more than recommended" but that the sentence "would be in accordance with the evidence and all of his background." *Id.* at 343.

After discussing the propriety of plea bargaining and of a judge indicating his willingness to accept a particular disposition, we concluded:

> It is therefore apparent that, without more, a judge's willingness to accept a bargained for disposition does not establish that his subsequent refusal to grant leniency after trial constituted denial of due process by punishing defendant for exercising his right to trial.

*Id.* at 344. The *Davis* court concluded further that the record failed to support a contention that the court enhanced punishment as a penalty for going to trial.

Likewise, we find no evidence here that the defendant received a more severe punishment because he went to trial or that the trial judge was being vindictive. The court carefully explained that it was not attempting to keep movant from going to trial. The court was trying to be fair with the movant so that he would not be entrapped. The court implied through its comments that it would go along with the plea bargain but that it would not be bound by the state's recommendation after hearing the evidence.

In the circumstances as appear here, we do not believe movant's detention amounts to "the perpetration of injustices of grave constitutional importance" which is one of the purposes of Rule 27.26. *Vidauri v. State*, 515 S.W.2d 562, 570 (Mo.1974).

We find the trial court's ruling denying the Rule 27.26 motion not to be clearly erroneous.

Affirmed.

DOWD, P. J., and CRIST, J., concur.