**Arthur Lee WILLIAMS, Jr., Petitioner,**

v.

**David SCURR, Warden of the Iowa State Penitentiary, Respondent.**

**Civ. No. 79–359–D.**

United States District Court, S. D. Iowa, C. D.

April 2, 1981.

**64**

Alfredo G. Parrish, Des Moines, Iowa, for petitioner.

Thomas D. McGrane, Asst. Atty. Gen. of Iowa, Des Moines, Iowa, for respondent.

## JUDGMENT DENYING PETITION FOR WRIT OF HABEAS CORPUS

VIETOR, District Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

The action was referred to the Honorable R. E. Longstaff, United States Magistrate for the Southern District of Iowa, pursuant to 28 U.S.C. § 636(b)(1)(B), to conduct an evidentiary hearing and to submit a report and recommendation. On March 1, 1981, the Magistrate filed his report and recommendation, in which he recommends that the petition for writ of habeas corpus be denied. The Magistrate granted the parties to and including March 31, 1981, within which to file objections to the report and recommendation, but no objections have been filed.

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). *See also* Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts.

The court accepts the report and recommendation of the Magistrate.

IT IS ORDERED that the petition for writ of habeas corpus be, and it hereby is, denied.

## REPORT AND RECOMMENDATION

March 10, 1981.

R. E. LONGSTAFF, United States Magistrate.

This matter is before the Court on a Petition for Writ of Habeas Corpus filed August 9, 1978 pursuant to Title 28 U.S.C. § 2254. Respondent filed his return on September 26, 1979. Pursuant to Title 28 U.S.C. § 636(b)(1)(B), the above-entitled matter was referred to the undersigned U. S. Magistrate for the purposes of conducting an evidentiary hearing to resolve disputed factual questions and submission of a report and recommendation. The hearing was held on September 12, 1980.

The parties were then granted until September 28, 1980 to supplement the record; and were then granted until October 15, 1980 to file final briefs and arguments; and until October 24, 1980 to file any reply briefs they desired. No supplements to the record were filed. The time for filing final briefs was extended by the Clerk until November 3, 1980; and until November 12, 1980 for reply briefs. As of the present date, no further extensions have been granted and neither party has filed a brief in the above-entitled action.

## STATEMENT OF THE CASE

In his application for a writ of habeas corpus, petitioner challenges his conviction by a jury of 1st degree murder. His conviction was affirmed by the Supreme Court of Iowa. *State v. Williams*, 217 N.W.2d 573 (Iowa 1974). Petitioner then filed an application for post-conviction relief in the District Court of Iowa in and for Blackhawk County on November 4, 1976. After an evidentiary hearing, the District Court denied the application on October 31, 1977. Petitioner's appeal of the denial of his post-conviction application was transferred by the Iowa Supreme Court to the Iowa Court of Appeals for review and decision. The Court of Appeals then affirmed the district court's judgment in a *per curiam* opinion filed November 22, 1978. The Supreme

Court then denied petitioner's application for further review on January 5, 1979.

Petitioner premises his Petition for Habeas Corpus now before this Court on the following claims:

1. That he was denied effective assistance of counsel because of the following:

   a. Petitioner was on medication during course of trial;

   b. Those medications seriously affected his ability to be an active participant in his trial;

   c. Those medications were prescribed by physician and caused him not to be alert;

   d. He was on medication when he testified which seriously affected his ability to testify;

   e. Defense counsel did not request continuance to permit attendance and testimony from a crucial witness;

   f. There was a severe conflict between defendant's court appointed and private counsel concerning trial strategy; responsibility for preparation of trial; court appearances; and duties during the course of trial, which appear at record and which indicate a complete denial of effective assistance of counsel;

   g. Petitioner continuously objected to progress of his trial in this fashion;

   h. Overtones of this conflict were apparent to the jury and prejudiced his right to a fair and impartial trial;

   i. Petitioner related the situation with medications and his inability to understand and recall that which was going on to his attorney but that information was not transmitted to the court;

   j. Petitioner's privately retained lawyer, not being licensed to practice in Iowa, was unfamiliar with Iowa law and was unable to properly examine witnesses;

   k. Petitioner's court appointed counsel did not make a full and complete inquiry into petitioner's need to have a psychologist or psychiatrist appointed for an evaluation of his mental state at the time of this incident or his mental ability at the time of trial.

2. That he was denied due process of law and his right against self-incrimination was denied because petitioner was not given his *Miranda* warnings prior to his discussions with his psychiatrist who testified at the trial.

The record before this Court on which petitioner's claims must be assessed consist of the following:

1. A complete transcript of petitioner's trial.

2. A transcript of the state evidentiary hearing of September 12, 1977 which was conducted before the Honorable Carroll E. Engelkes in connection with petitioner's state post-conviction application.

3. A transcript of the evidentiary hearing conducted before the undersigned Magistrate on September 12, 1980.

## APPLICABLE LAW

### *Exhaustion and Intentional Bypass*

■ Pursuant to Title 28 U.S.C. § 2254(b), a habeas corpus petitioner must first demonstrate that he has exhausted all his available state remedies before a Federal Court may entertain his request for relief. The issues raised in this habeas corpus petition are essentially the same as those raised in the lower State courts. However, the due process/*Miranda* claim and several of the contentions advanced in support of the ineffective counsel claim do not appear to have been urged at the State appellate level.

■ When a petition embraces both exhausted and unexhausted claims, the rule in the Eighth Circuit is that the district court should determine those issues which have been exhausted if the unexhausted claims are not related. *Tippett v. Roberts*, 587 F.2d 373, 374 (8th Cir. 1978); *Triplett v. Wyrick*, 549 F.2d 57, 59 (8th Cir. 1977); *Tyler v. Swenson*, 483 F.2d 611, 614 (8th Cir. 1973). *See generally* Note, *Habeas Petitions with Exhausted and Unexhausted*

*Claims: Speedy Release, Comity and Judicial Efficiency,* 57 *B.U.L.Rev.* 864 (1977). This policy toward unexhausted claims remains the rule in the Eighth Circuit despite aggressive challenges and disagreement among the circuits. 549 F.2d at 59. Only when unexhausted claims are closely intertwined with exhausted claims will a federal court in this circuit rule on the merits of both claims. *Wyrick, supra. See Johnson v. District Court,* 519 F.2d 738 (8th Cir. 1975); *Blunt v. Wolff,* 501 F.2d 1138 (8th Cir. 1974).

■ The concept of exhausting state remedies as a precondition to habeas corpus relief in federal court is based on principles of comity. *Cage v. Auger,* 514 F.2d 1231, 1232 (8th Cir. 1975). If a question has been properly presented to the state courts permitting one full and fair opportunity to decide the issue, the exhaustion requirement is satisfied. *Tippett v. Roberts,* 587 F.2d 373 (8th Cir. 1978); *Mucie v. Missouri State Dept. of Corrections,* 543 F.2d 633 (8th Cir. 1976). Accordingly, after the highest tribunal in a state has dismissed an appeal based on the same issues, a subsequent habeas corpus petition will not fail due to the technical existence of yet another state remedy. *Erickson, supra. See Klimas v. Mabry,* 599 F.2d 842 (8th Cir., 1979).

The rule regarding intentional bypass of state remedies is embraced within the exhaustion of state remedies rule which, as previously stated, is based on principles of comity rather than jurisdiction. *Klimas v. Mabry,* 599 F.2d 842, 847 n.7 (8th Cir. 1979); *Cage v. Auger,* 514 F.2d 1231, 1232–33 (8th Cir. 1975).

■ The rule was thoroughly discussed and summarized by the Honorable Harold D. Vietor in *Eggman v. Scurr,* Civ. No. 80–259–B (Dec. 3, 1980, S.D.Ia.):

"Federal habeas corpus relief may be barred where the petitioner has intentionally and knowingly waived a state remedy by failing to appeal a state court decision. *Fay v. Noia,* 372 U.S. 391, 438–39, 83 S.Ct. 822, 848–49, 9 L.Ed.2d 837 (1963); *Jones v. Shell,* 572 F.2d 1278, 1280 n.3 (8th Cir. 1978); *Cain v. Missouri,* 518

F.2d 1180, 1181 (8th Cir. 1975). The waiver must be that of the petitioner. His counsel's choice does not automatically bar relief. *Fay v. Noia, supra,* 372 U.S. at 439, [83 S.Ct. at 849]; *Rinehart v. Brewer,* 561 F.2d 126, 129 (8th Cir. 1977).

The respondent bears the burden of pleading and proving the waiver of constitutional rights, including the deliberate bypass of state remedies. *Wilwording v. Swenson,* 502 F.2d 844, 849 (8th Cir. 1974), *cert. denied,* 420 U.S. 912 [95 S.Ct. 835, 42 L.Ed.2d 843] (1975); *Minnesota v. Tahash,* 364 F.2d 922, 927 (8th Cir. 1966); *Little v. Smith,* 347 F.Supp. 427, 429 (N.D.Ga.1971); *Mirra v. United States,* 255 F.Supp. 570, 573 (S.D.N.Y.1966). However, once the respondent has clearly raised the issue of deliberate bypass in his response and shown that appeal was available to petitioner but not taken, the petitioner bears the burden of going forward with some averment concerning his failure to utilize the state's available appellate remedy. *Little v. Smith, supra,* 347 F.Supp. at 429; *Mirra v. United States, supra,* 255 F.Supp. at 573. *See Price v. Johnston,* 334 U.S. 266, 292 [68 S.Ct. 1049] (1948). Imposition of this burden of averment on the petitioner is not unfair. Knowledge of petitioner's reason for not appealing rests exclusively with petitioner and his counsel, and therefore they are uniquely in a position to aver any factual matters bearing on the intentional bypass issue."

### Effective Assistance of Counsel

■ In the Eighth Circuit, evaluating an allegation that assistance of counsel was ineffective involves a two-step process. *Rinehart v. Brewer,* 561 F.2d 126, 131 (8th Cir. 1977). *See Ford v. Parratt,* 638 F.2d 1115 (8th Cir., 1981). The petitioner must first show that his attorney failed to "exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *Ford, supra* at 1117; *United States v. Bad Cob,* 560 F.2d 877, 880 (8th Cir. 1977); *United States v. Easter,* 539 F.2d 663, 666 (8th Cir.

1976) (Henley, J., concurring). After the first step has been satisfied, the petitioner must establish that he was prejudiced by the action of his attorney. *Ford, supra* at 1117; *Bad Cob, supra* at 880. However, counsel is presumed to be competent until proof to the contrary is made. *United States v. Kelton*, 518 F.2d 531 (8th Cir.), *cert. denied*, 423 U.S. 1021, 96 S.Ct. 460, 46 L.Ed.2d 394 (1975); *McQueen v. Swenson*, 498 F.2d 207 (8th Cir. 1974); *Crowe v. South Dakota*, 484 F.2d 1359 (8th Cir. 1973), *cert. denied*, 415 U.S. 927, 94 S.Ct. 1435, 39 L.Ed.2d 485 (1974). In this regard, a heavy burden of proof is placed on a petitioner who alleges ineffective assistance of counsel. *Kelton, supra; Crismon v. United States*, 510 F.2d 356 (8th Cir. 1975); *McQueen, supra.*

■ To sustain a challenge based on ineffective assistance of counsel, the record must clearly support a conclusion that the attorney's services were ineffective in a manner which meets both of the two tests. *See United States v. Johnson*, 582 F.2d 1186 (8th Cir. 1978); *Morrow v. Parratt*, 574 F.2d 411 (8th Cir. 1978). *See generally* Strazzella, *Ineffective Assistance of Counsel Claims: New Uses, New Problems*, 19 *Ariz. L.Rev.* 443, 464 (1977); Bazelon, *The Defective Assistance of Counsel*, 42 *U.Cinn.L.Rev.* 1 (1973) (discussing problems with creating an adequate record for a review of ineffective counsel claims in the guilty plea context). The petitioner's uncorroborated testimony alone without support from the record is not enough to meet the burden of proof required to sustain a claim of ineffective counsel. *Rhodes v. Estelle*, 582 F.2d 972 (5th Cir. 1978). Moreover, the exercise of trial tactics chosen by a defense attorney should not be second-guessed by hindsight. A wrong or poorly advised decision is not alone sufficient to support a claim of ineffective assistance of counsel. *Bad Cob, supra* at 881.

## CONCLUSIONS

After carefully reviewing the record now before this Court and considering it in terms of the foregoing discussion of applicable law, the undersigned Magistrate concludes as follows:

■ 1. The petitioner has intentionally bypassed and has therefore failed to exhaust state remedies concerning his due process/self-incrimination claim concerning his failure to receive *Miranda* warnings prior to his discussions with a psychiatrist who testified at trial. While petitioner raised this issue in his state post-conviction proceeding, the matter was not pursued on appeal.

■ 2. State remedies have been sufficiently exhausted to permit petitioner to assert his claim that he was denied effective assistance of counsel in a § 2254 proceeding in federal court. However, insofar as the 11 allegations made in support of his ineffective assistance of counsel claim seek relief outside the context of that specific claim—i.e. that the fact petitioner was on medication deprived him of a fair trial—petitioner has failed to exhaust his state remedies thereon and they should not be considered by the Court except in connection with petitioner's ineffective assistance of counsel claim.

■ 3. A careful review of the record does not establish that either one of petitioner's trial attorneys failed to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances.[1]

---

1. Insofar as petitioner's allegation that the severe conflict between his two counsel denied him the effective assistance of counsel, there is nothing in the record to support this allegation under the standards established by the Eighth Circuit Court of Appeals. The testimony of the petitioner and his sister simply fails to provide an adequate basis to support a finding that petitioner failed to receive adequate assistance of counsel at his trial. A careful review of pp.

309-324 of the trial transcript reveals that petitioner desired Mr. Frey's entrance into the case at that stage. The trial judge was careful to preserve the continuance of petitioner's court-appointed counsel while also accommodating his desire to have Mr. Frey enter the case. The trial judge was also careful to take up matters regarding petitioner's representation by counsel outside the presence of the jury. To now have petitioner attack his conviction based on

4. Even if the actions of petitioner's defense counsel were deemed to be inappropriate and violative of the initial portion of the Eighth Circuit's ineffective assistance of counsel standard, the record now before this Court fails to demonstrate prejudice to the petitioner which would meet the second prong of the standard.

### RECOMMENDATION

The Court has carefully considered the entire record and applicable law, and has found that the Petition for Writ of Habeas Corpus cannot be sustained on any of the grounds now before this Court.

Accordingly,

IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be denied.

The parties to the above-entitled action may file objections to this Report and Recommendation on or before March 31, 1981.

problems created by that dual representation can, in the words of the Iowa Supreme Court, "only be described as astounding". *State v. Williams*, 217 N.W.2d at 573.