Arthur Lee WILLIAMS, Jr., Appellant,

v.

David SCURR, Appellee.

No. 81–1454.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1981.

Decided Nov. 23, 1981.

**213**

tained counsel to participate in the defense. It would be anomalous if a defendant could predicate a claim of ineffectiveness of counsel on a conflict of his own making if, in fact, such a situation arose. We find it did not. We have carefully reviewed the record and the memorandum opinion filed by Judge Vietor and find no need to further discuss either the facts or the law. We thus affirm on the basis of the district court's memorandum and its order entered pursuant thereto. 528 F.Supp. 62. *See* Rule 14.

Parrish & Del Gallo, Alfredo G. Parrish, Des Moines, Iowa, for petitioner-appellant.

Thomas J. Miller, Atty. Gen. of Iowa, Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for respondent-appellee.

Before BRIGHT and ARNOLD, Circuit Judges, and DAVIES,* Senior District Judge.

PER CURIAM.

Arthur Lee Williams, Jr., appeals from an order of the district court[1] denying his petition for writ of habeas corpus based upon an alleged claim that he was denied his sixth amendment right to effective assistance of counsel in connection with his state court conviction of first degree murder.

Appellant contends here, as he did in the court below, that he was denied effective assistance of counsel when conflicts arose between his court appointed counsel and counsel retained by his mother after three days of trial, concerning trial strategy and tactics. It is to be noted that it was only after appellant insisted, over court appointed counsels objection and attempts to withdraw, that the trial court permitted re-

* RONALD N. DAVIES, United States Senior District Judge, District of North Dakota, sitting by designation.

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.